Carl **REED**, Jr., Petitioner-Appellant,

v.

Clarence **JONES**, Sheriff, et al., Respondents-Appellees.

No. 73–1882

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Carl Reed, Jr., pro se.

Henry Wade, Crim. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

For failure to state a claim upon which relief could be granted, the district court dismissed the civil rights complaint of Reed, a Texas prisoner, filed under 42 U.S.C.A. § 1983. In his pro se complaint, petitioner alleged and described acts which were claimed to constitute cruel and unusual punishment. No response of any kind was required from or filed by the defendants. The complaint was referred to a magistrate who recommended dismissal on the basis of the complaint alone, and this recommendation was adopted by the district court. We reverse and remand for further proceedings.

The Supreme Court held in Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, that a pro se complaint under § 1983 may not be dismissed for failure to state a claim upon which relief could be granted unless it appears with assurance that under the allegations of the complaint, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See also Freeley v. United States, 5 Cir., 1972, 465 F.2d 1403. This holding is, of course, binding on the district court just as it is on this court, and we proceed to apply the holding to the instant complaint.

First, petitioner alleges that he was assigned to a tank in Dallas County jail and while there he decided to leave. In doing so, it was necessary for him to go between two safety doors. He remained in the small space between these doors for some fifteen hours. The district court was of the opinion that he could have returned to the tank at any time and thus his predicament was of his own choice. It is not clear to us that he could have extricated himself at any time; he seems to claim to have been left in the space as a punitive measure. Thus a question of fact is presented as to this allegation. Second, he contends that upon leaving the space between the two safety doors, he was jumped upon, kneed and choked by two guards. This allegation presents an issue of fact which has not been resolved. Third, we find an allegation in the complaint that petitioner was denied medical assistance which he had requested at or about the time of the claimed beating. This raises an issue of fact which re-

mains unresolved. We conclude that it does not appear with assurance from the complaint alone that appellant could prove which would entitle him to relief of the kind sought, namely damages.[1]

This is not to say that a trial will be necessary. The Federal Rules of Civil Procedure contain adequate tools for use in the processing of suits of this type. The summary judgment procedure is available and thereunder the matter might be resolved on affidavits. Pretrial hearing is, of course, available. As another example, the defendants might be required to institute discovery proceedings. Moreover, the court, *sua sponte*, might require the defendants to formulate and serve a motion for a more definite statement on petitioner under Rule 12(e), F.R.Civ.P., in an effort to ascertain the facts for use in proceedings short of trial. On the other hand, there will be cases where the petitioner will be entitled to a trial, as in any other civil case where a cause of action is stated and disputed issues of fact remain.[2]

The further proceedings in the district court which will be necessary in this case, as well as the management of the case, are matters directed to the discretion of the district court. We merely hold that it was error to dismiss for failure to state a claim upon which relief could be granted.[3]

Reversed and remanded for further proceedings not inconsistent herewith.

---

1. The allegations here are to be distinguished from allegations which are in the nature of relief ordinarily available through habeas corpus proceedings, thus requiring exhaustion of available state remedies. Preiser v. Rodriquez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; Jones v. Decker, 5 Cir., 1970, 436 F.2d 954; Johnson v. Walker, 5 Cir. 1963, 317 F.2d 418.

2. The necessity of employing orderly procedures in this pro se type of case will be seen in the large number of such cases in the federal courts. There were 3,348 civil rights suits filed in the United States District Courts by state prisoners in fiscal year 1972. Report of Adm. Off. U.S. Courts, 1972, Table 17, P. II–29.

3. We assume that the court acted under Rule 12(b)(6), F.R.Civ.P. There was no motion before the court.