Robert Vernon BRUCE,
Plaintiff-Appellant,

v.

Henry WADE, District Attorney, Clarence Jones, Sheriff, Carl Roland, Chief Jailer, Alan Sweatt, Jail Director, et al., Defendants-Appellees.

No. 76–1284
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert Vernon Bruce, pro se.

John B. Tolle, Asst. Dist. Atty., Henry M. Wade, Crim. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

Robert Vernon Bruce appeals from the dismissal of his *pro se* civil rights complaint which alleged prosecutorial harassment and custodial abuses.[1] We affirm the dismissal as to defendant prosecutor Henry Wade; however, finding that the allegations with respect to the remaining defendant custodial officials state a cause of action under 42 U.S.C. § 1983, we must vacate and remand that portion of the decision to allow appellant some opportunity to offer proof in support of his claims.

In his pleadings below, appellant, a Texas prisoner convicted of murder in 1965, alleged a decade of abuse at the hands of

---

1. Bruce proceeded below, as he does here, *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Dallas County District Attorney Henry Wade. Bruce challenged as illegal defendant's decision to pursue an indictment after one grand jury had no-billed appellant on the murder charge, and he alleged that Wade suborned perjury and filed false affidavits at appellant's state trial and in subsequent federal habeas proceedings.

Appellant also seeks to recover damages for civil rights violations alleged to have taken place during various periods of incarceration in the Dallas County jail. According to the complaint, while the state appeal of Bruce's conviction was pending in 1966, defendant Roland, Chief Jailer of the Dallas County Jail (then sub-chief), ordered subordinates to beat Bruce and place him, clad only in shorts, in a bare cell without plumbing or bed, where he remained for 70 days before transfer to state prison.

Other allegations concern appellant's return to the federal prisoners section of the Dallas jail in October 1974 for a hearing on a federal habeas petition. Bruce stated that he participated in a hunger strike with some 30 other inmates on October 4, 1974, in response to disciplinary action taken against two fellow prisoners. Defendants Roland and Sweatt, the jail director, engaged the protesting prisoners in discussion, and appellant spoke out along with the others. Within an hour following their meeting, U. S. Marshals removed Bruce from the Dallas facility to the Tarrant County jail, where he was confined by himself in a small cell for thirty or more days before his return to state prison following the habeas hearing. Appellant complains of this unexplained disciplinary confinement and the inhumane conditions of the cell, alleging that defendants Roland, Sweatt, and Jones, Sheriff of Dallas County, effected the transfer knowing and intending the Tarrant County consequences.

Bruce complained that the prosecutorial and custodial actions described above infringed liberties protected by the Fourteenth Amendment to the United States Constitution and sought damages under 42 U.S.C. § 1983. On December 24, 1975, Judge Hill of the United States District Court for the Northern District of Texas dismissed that complaint for failure to state a cause of action.[2]

## I.

■ The district court properly dismissed the complaint as to defendant Wade, as is made clear by the Supreme Court's recent affirmation of the absolute immunity of a prosecutor from section 1983 liability for acts within the scope of his prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *Imbler* explicitly dealt only with a prosecutor's acts "in initiating a prosecution and in presenting the State's case;" *id.* at 431, 96 S.Ct. at 995, 47 L.Ed.2d at 144. The specific acts complained of by appellant—the decision to seek an indictment and the presentation of witnesses and documentary evidence at appellant's trial and at challenges to his conviction—are within the scope of this *Imbler* shelter.[3] Therefore we affirm the dismissal as to defendant Wade.

## II.

■ Dismissal as to the defendant custodial officials is another matter. Before dismissing a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must be satisfied "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84.[4] More-

2. The order clearly states that it is dismissed for failure to state a cause of action rather than as frivolous under 28 U.S.C. § 1915(d).

3. Here, as in *Imbler*, no question is raised as to the extent of a prosecutor's immunity from section 1983 liability for investigative or administrative activities rather than those "intimately

associated with the judicial [process]." 424 U.S. at 430, 96 S.Ct. at 995, 47 L.Ed.2d at 143.

4. Bruce did submit affidavits in support of his claim against prosecutor Wade. But whether the judgment in favor of defendant Wade is thus viewed as a grant of summary judgment

over, *Haines v. Kerner,* 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, requires the trial judge to employ less stringent standards in assessing *pro se* pleadings such as those filed by appellant here than would be used to judge the final product of lawyers. *See also Covington v. Cole,* 5 Cir., 1976, 528 F.2d 1365. Dismissal of Bruce's understandably inartistic complaint was improper under these guidelines, and we must remand the cause to allow Bruce some opportunity to bolster his claims with proof.[5]

Indeed, we need do no more to reach this decision than quote from the brief filed on behalf of all appellees: "Without regard to all of Mr. Bruce's sometimes confusing allegations, he at least states an arguable claim by alleging that he was ordered beaten and confined under inhumane conditions by one of the Deputy Sheriffs, and *dismissal for failure to state a claim was improper.*" Brief for Appellees at 2 (emphasis added). In remanding for the taking of evidence, we offer no views of the merits of appellant's allegations. But we do note that recent decisions of this Court and the Supreme Court make clear that allegations such as those of appellant Bruce are actionable under 42 U.S.C. § 1983.[6]

First, Bruce complains that without cause defendant Roland ordered him beaten while held in the Dallas jail in 1966. That an unjustified beating at the hands of prison officials gives rise to a section 1983 action is clear. *See Aulds v. Foster,* 5 Cir. 1973, 484 F.2d 945. Appellant must have the opportunity to support this claim.

■ The bulk of Bruce's complaints against his Dallas jailers, however, concerns the alleged transfer to a "disciplinary cell" in Tarrant County prompted by his participation in a hunger strike on October 1974.[7] Nebulous though they may be, appellant's pleadings below encompass objections to both the conditions of his confinement in Tarrant County[8] and the absolute absence of notice or opportunity to challenge the disciplinary actions either prior or subsequent to the transfer.

This court has recently reversed dismissals of very similar section 1983 actions brought by state prisoners *pro se* and remanded them to provide the opportunity

---

under Fed.R.Civ.P. 56 or dismissal for failure to state a claim under Fed.R.Civ.P. 12, the court below took no documentary evidence as to Bruce's claims against the defendant custodial officials. Moreover, there is no indication in the record that the court offered Bruce any form of opportunity to present proof to which he failed to respond. Therefore the *Conley* standard for dismissing a cause of action on the pleadings does apply here.

5. As in other recent cases in which this Court has had to reverse the summary dismissal of a prisoner *pro se* section 1983 complaint which met the *Haines* standard, we do not suggest that a trial will be necessary on remand. *See Covington v. Cole,* 5 Cir. 1976, 528 F.2d 1365, 1373–74, n. 17, 19; *Watson v. Ault,* 5 Cir. 1976, 525 F.2d 886, 892–98; *Reed v. Jones,* 5 Cir. 1973, 483 F.2d 77, 79; *cf. Hardwick v. Ault,* 5 Cir. 1975, 517 F.2d 295, 298. As those opinions indicate, a wide range of pre-trial procedures is available to the district judge as tools for assessing the factual basis of the claims asserted. These include pretrial hearing, summary judgment procedure, "special reports" to be filed by prison officials, and even questionnaires in the nature of a motion for a more definite statement, Fed.R.Civ.P. 12(e), which the court may itself direct to the plaintiff. As long as a plaintiff's rights under the Federal Rules of Civil Procedure remain inviolate, the trial judge may choose among these or other procedures, and we do not suggest that the facts of this case require the use of any particular device.

6. Bruce's attack is directed at alleged mistreatment while incarcerated, not the fact or duration of his confinement itself. Thus there can be no suggestion that he must seek relief by petition for *habeas corpus* rather than under section 1983. *See Preiser v. Rodriguez* 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; *Fulford v. Klein,* 5 Cir. 1976, 529 F.2d 377, *rehearing en banc pending.*

7. The following discussion also applies to appellant's allegation of inhumane disciplinary confinement in the Dallas jail at the hands of defendant Roland in 1966. Our remand is not meant to express any opinion regarding the timeliness of this claim.

8. Besides the solitary nature of the confinement, Bruce objected on Eighth Amendment grounds to the small size of his cell, to being permitted only 2 showers in 11 days and to having his food stuffed through a small panel in the steel door 3 times a day to be quickly eaten.

for presentation of proof required by *Haines, supra.* Each involved disciplinary confinement or transfer, usually with a mixture of procedural due process claims and Eighth Amendment claims of cruel and unusual punishment as to the substantive nature of the discipline.

Plaintiff in *Demps v. Wainwright,* 5 Cir. 1975, 522 F.2d 192, complained of his transfer to the punishment and psychiatric wing of a state prison, alleging that the transfer was unaccompanied by any procedural safeguards, that the conditions of his disciplining confinement constituted cruel and unusual punishment, and that he lost property as a result of the transfer. The court, following the *Haines* standard for assessing prisoner *pro se* pleadings, found these allegations sufficient to entitle plaintiff to some opportunity to offer supporting proof. Indeed, the Court relied upon the *Haines* decision, itself involving general allegations similar to those of the appellant herein, in a manner dispositive of the instant appeal: ". . . [A] prisoner's pro se civil rights complaint, seeking damages for claimed physical injuries and deprivation of rights in imposing disciplinary confinement, should not have been dismissed without affording him the opportunity to present evidence of his claims . . ." 522 F.2d at 193.

Similarly, *Watson v. Ault,* 5 Cir. 1976, 525 F.2d 886, reviewed three *pro se* section 1983 actions dismissed as frivolous under 28 U.S.C. § 1915(d). The complaints alleged,

in general terms, inhumane prison conditions and disciplinary confinement without procedural safeguards. Without separating the theories of liability, the Court held the plaintiffs entitled to further proceedings under *Haines.* Appellant is entitled to offer proof in support of his claims both as to the conditions of the disciplinary confinement and the lack of procedural due process accompanying the transfer. The decisions above, including *Haines,* have not separated and assessed the cruel and unusual punishment and procedural due process claims involved, nor need we. Indeed, lacking an adequate factual record, we decline to engage in any discussion of the complex question of the permissible contours of disciplinary confinement under the Eighth Amendment guarantee against cruel and unusual punishment.

█ However, we do note that the Supreme Court, in *Wolff v. McDonnell,* 1974, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, indicated that those procedural safeguards which it there held must attend the withdrawal of good time credit in order to satisfy the due process clause of the Fourteenth Amendment, also apply to disciplinary measures such as segregated confinement. *See id.* at 571, 94 S.Ct. at 2982, n. 19, 41 L.Ed.2d at 959. Though emergencies may well preclude any due process hearing prior to the application of such measures, the required proceedings must follow as soon as possible. *See United States ex. rel. Gereau v. Henderson,* 5 Cir. 1976, 526 F.2d 889, 895, n. 8.[9]

9. In *Gereau,* this Court acknowledged the applicability of *Wolff* procedural due process requirements to disciplinary transfers from one state correctional institution to another. 526 F.2d at 895. Though *Montayne v. Haymes,* ── U.S. ──, 96 S.Ct. 2543, 48 L.Ed.2d ── [44 U.S.L.W. 5051, June 25, 1976] and *Meachum v. Fano,* ── U.S. ──, 96 S.Ct. 2532, 48 L.Ed.2d ── [44 U.S.L.W. 5053, June 25, 1976], appear to have overruled our comments on disciplinary transfers, they do not affect our remand of the instant case. Those two cases held that administrative or disciplinary transfers of state prisoners to another prison, the conditions of which are substantially less favorable, do not constitute deprivations of Fourteenth Amend-

ment liberty requiring a due process hearing, unless the state conditions such transfers on the occurrence of specific acts of misconduct. However, the Court emphasized that *Wolff* was not being overruled, and it was careful in both cases to point out that no disciplinary measures, such as solitary confinement, accompanied the transfers involved. *See* ── U.S. at ──, 96 S.Ct. 2543 [44 U.S.L.W. at 5051]; ── U.S. at ──, 96 S.Ct. 2532 [44 U.S.L.W. at 5055]. Thus the Court left undisturbed the indication in *Wolff* that disciplinary measures which represent a change in the conditions of confinement and are normally imposed by the institution only for particular acts of misconduct give rise to procedural due process requirements. Liberally reading Bruce's allega-

Again, we offer no view as to the merits of appellant's allegations of substantive or procedural abuse at the hands of the three defendant custodial officials. In accordance with *Haines* and the decisions of this court thereunder, and as the appellees here effectively have conceded, appellant is entitled to some opportunity to prove these claims. Absent that opportunity, Bruce has not received his procedural due, and this court cannot provide any more dispositive review.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

tions as *Haines* requires, we cannot say he will be unable to show that the transfer to the Tarrant County cell amounted to such a disciplinary measure.