IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10525
Summary Calendar

_____

BRIAN ANTHONY DAVIS,

                                    Plaintiff-Appellant,


versus

EDWIN V. KING, Etc.; ET AL.,

                                    Defendants,

MARK D. MCBRIDE, Attorney,

                                    Defendant-Appellee,
                        -----------------
                        CONSOLIDATED WITH
                          No. 00-10768
                        -----------------
BRIAN ANTHONY DAVIS,

                                    Plaintiff-Appellant,


versus

EDWIN V. KING, Honorable; ROY LEE STACY, Attorney;
Lawrence B. MITCHELL, Attorney; MARK D. MCBRIDE,
Attorney,

                                    Defendants-Appellees,
                        ------------------
                        CONSOLIDATED WITH
                          No. 00-10923
                        -----------------
BRIAN ANTHONY DAVIS,

                                    Plaintiff-Appellant,

versus

EDWIN V. KING, Etc.; ET AL.,

Defendants,

LAWRENCE B. MITCHELL, Attorney,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1280-D
--------------------
April 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Brian Anthony Davis (Davis), federal prisoner # 32832-083, argues the district court erred in dismissing his civil rights actions under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Davis's motion to file his reply brief out-of-time is DENIED.

This court reviews *de novo* a district court's ruling on a motion to dismiss for failure to state a claim. <u>Shipp v. McMahon</u>, 234 F.3d 907, 911 (5th Cir. 2000). The district court did not err in dismissing Davis's claims for failing to adequately allege a conspiracy claim. <u>See</u> <u>Lynch v. Cannatella</u>, 810 F.2d 1363, 1370 (5th Cir. 1987); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 (5th Cir. 1994). Neither was the dismissal of the claims against the

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

prosecutor error.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976).

Davis's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit for failure to state a claim constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Davis that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

**DISMISSED AS FRIVOLOUS; WARNING ISSUED**; Motion to file reply brief out-of-time **DENIED.**