**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1243
_____

ELIJAH WEIR,
                                        Appellant

v.

DAVID J. NAPIORSKI, Esq., The Phila., Dist. Attny's Off.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-06317)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021
Before: McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: November 16, 2021)
_____

_____

OPINION[*]

PER CURIAM

Elijah Weir, a prisoner proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint and denying his motions for a preliminary injunction and appointment of counsel. For the following reasons, we will summarily affirm the District Court's judgment.

I.

Weir filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. Petition, Weir v. Smith, No. 2:20-cv-02485 (E.D. Pa. Apr. 15, 2020), ECF No. 2. Assistant District Attorney David J. Napiorski filed a response, and the District Court later denied the petition.

Before that denial, Weir filed this suit against ADA Napiorski. Citing 42 U.S.C. § 1983, Weir alleged that Napiorski violated Weir's constitutional rights by serving the habeas response via Weir's inmate address for general mail rather than as privileged mail. The Pennsylvania Department of Corrections requires that non-privileged mail be sent to a contracted processing vendor in Florida, Smart Communications, which scans the mail. Inmates receive printed copies of these electronic scans. Weir alleged that Napiorski, by sending the habeas response through Smart Communications, violated Department of Corrections policy, delayed Weir's receipt of the response, and exposed privileged and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

private information attached to the response to staff at both Smart Communications and SCI-Houtzdale.   Weir also moved for a preliminary injunction to force Napiorski to be replaced as counsel in the habeas proceeding and to bar any correspondence in both that proceeding and this case from being sent through Smart Communications.

The District Court screened Weir's complaint pursuant to 28 U.S.C. § 1915A and dismissed it on the basis that Napiorski is entitled to prosecutorial immunity.  Concluding that amendment would be futile, the District Court denied leave to amend.  The District Court also denied Weir's motion for a preliminary injunction and motion for appointment of counsel.  Weir appealed.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's sua sponte dismissal of Weir's complaint under 28 U.S.C. § 1915A.  See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).  We review de novo the District Court's determination that amendment would be futile and review the denial of leave to amend for abuse of discretion.   U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).  We review the District Court's denial of a preliminary injunction for abuse of discretion, but review the underlying factual

---

[1] Weir has filed several documents in this court requesting, inter alia, reversal of the District Court's judgment and documenting grievances regarding the delivery of legal mail. Mem., 3d Cir. ECF No. 3; Additional Notice, 3d Cir. ECF No. 4; Mot., 3d Cir. ECF No. 5; Notice, 3d Cir. ECF No. 13; Resp., 3d Cir. ECF No. 15.  He also filed a document in which he asks for forms in order to file a petition for a writ of mandamus relating to a separate district court case.  Notice/Req., 3d Cir. ECF No. 14.

findings for clear error and examine legal conclusions de novo. Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We review the District Court's denial of Weir's motion for appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). We may summarily affirm if Weir's appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

The District Court correctly dismissed Weir's complaint because ADA Napiorski is entitled to prosecutorial immunity. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 909, 430–31 (1976)). In other words, they are immune from claims when they are "functioning as the state's advocate when performing the action(s) in question." Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). This includes the adversarial acts of prosecutors during post-conviction proceedings where the prosecutor is personally involved and continues his role as an advocate, including in habeas proceedings. See Yarris v. Cnty. of Delaware, 465 F.3d 129, 137 (3d Cir. 2006) (quoting Spurlock v. Thompson, 330 F.3d 791, 799 (6th Cir. 2003)); Warney v. Monroe Cnty., 587 F.3d 113, 122 (2d Cir. 2009); Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976). Weir's claim is based on Napiorski's filing of a response to a habeas petition and thus falls within the scope of prosecutorial immunity.

4

Weir argues that Napiorski is not entitled to immunity because Weir alleged that Napiorski filed the habeas response late, included factual errors or misrepresentations, violated Department of Corrections mail policy, and intended to delay Weir's receipt of the response.[2]  We disagree.  Even accepting these allegations as true, they do not affect prosecutorial immunity.  The scope of prosecutorial immunity depends on the function the prosecutor is performing, not whether he is presenting the State's case accurately or without improper motives.  See Fogle v. Sokol, 957 F.3d 148, 164 (3d Cir. 2020); Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992).  The judicial system provides safeguards to wronged defendants apart from prosecutorial liability.  Kulwicki, 969 F.2d at 1464.  Napiorski was functioning as the state's advocate when he filed the response to the habeas petition and provided notice to Weir.  See Odd, 538 F.3d at 208.  These acts were "intimately associated with the judicial phase of the criminal process."  Burns, 500 U.S. at 486.

Since prosecutorial immunity bars any claims on the alleged conduct, we agree with the District Court that amendment would be futile.  The District Court did not abuse its discretion in denying Weir's motion for appointment of counsel as Weir's claim lacks arguable legal merit.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  The District

---

[2] In arguing that Napiorski should have sent the habeas response as privileged mail, Weir cites a decision contrary to his position in which a district court determined that the applicable policy treats only mail from an inmate's attorney or a court as privileged, not mail from opposing counsel.  Jacobs v. Dist. Attorney's Off., No. 1:10-CV-2622, 2019 WL 1977921, at *3 (M.D. Pa. May 3, 2019).  In any event, this question of interpretation has no bearing on Napiorski's immunity.

Court correctly denied Weir's motion for a preliminary injunction since Weir could not establish the requisite likelihood of success on the merits.  See Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

## IV.

In sum, this appeal presents no substantial question, and we will summarily affirm the District Court's judgment.[3]

---

[3] To the extent that Weir's filings requests reversal of the District Court's judgment or any other relief, those requests are denied.  Also, we deny as unnecessary his request for a form to file a mandamus petition; we note that he has already filed his intended petition. Petition, Weir v Smith, No 21-1955 (3d Cir. May 18, 2021), ECF No. 1.