Alberto Martinez IBARRA,
Plaintiff-Appellant,

v.

Ray OLIVARRI et al.,
Defendants-Appellees.

No. 78–1448
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1979.

Alberto Martinez Ibarra, pro se.

Ray Olivarri, pro se.

Tom Stolhandske, pro se.

Luther Robinson, pro se.

Jesse Brenner, pro se.

Bill M. White, Criminal Dist. Atty., H. Wayne Campbell, Asst. Dist. Atty., San Antonio, Tex., for defendants-appellees.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

The plaintiff/appellant, Alberto Martinez Ibarra, is presently serving a twenty-five year sentence in a Texas state prison. In this civil rights action brought under 42 U.S.C.A. § 1983, he alleges that on November 23, 1976, he was placed in an isolation cell in the Bexar County Jail for 49 days. He claims that he was never given a hearing or informed of the charges against him. He further alleges that during the period he was in solitary, he was denied correspondence and visitation privileges, access to religious services and recreational activities, and access to the law library, and that his law books and personal property were taken from him and never returned. Named as defendants are two prison guards, the Chief Administrator of the Bexar County Jail, and a Bexar County Commissioner. Ibarra seeks damages in the amount of $10,000 against each of the defendants.

The District Court, without requiring the defendants to answer, dismissed Ibarra's action as frivolous under 28 U.S.C.A. § 1915(d). We reverse. The petitioner's complaint, construed liberally as required by *Haines v. Kerner*, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, adequately sets forth allegations that, if proved, may entitle him to some relief. *See, e. g., Bruce v. Wade*, 5 Cir., 1976, 537 F.2d 850; *Hansen v. May*, 9 Cir., 1974, 502 F.2d 728. Of course, we offer no view as to the merits of the appellant's allegations of substantive or procedural abuse at the hands of the defendants, see *Bruce v. Wade, supra*, at 855, nor do we suggest that a trial will be necessary on remand. See *id.* at 853 n. 5. We hold only that Ibarra must be afforded some opportunity to bolster his claims with proof.

REVERSED and REMANDED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.