**Jack J. NEARY, No. 059129, Plaintiff-Appellant,**

v.

**R.L. DUGGER, et al., Defendants-Appellees.**

**No. 83–3711.**

United States Court of Appeals, Eleventh Circuit.

July 22, 1985.

Eugene F. Murphy, Jacksonville, Fla., for plaintiff-appellant.

Jason Vail, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, TJO-FLAT, Circuit Judge, and SIMPSON, Senior Circuit Judge.

GODBOLD, Chief Judge:

Appellant Neary, a Florida inmate, filed this § 1983 action pro se and in forma pauperis, alleging that state correction officers seized and disposed of his personal property after a search for weapons. The district court dismissed the complaint under 28 U.S.C. § 1915(d). We reverse.

Section 1915(d) authorizes a court to dismiss an in forma pauperis action if it is satisfied that the action is "frivolous." The district court held this action frivolous because it found that under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), Neary failed to state a claim for which relief could be granted. Under *Parratt* a taking is not unconstitutional if it is not "a result of some established state procedure," and if the state provides a "meaningful post deprivation hearing." *Id.* at 541, 101 S.Ct. at 1916. The district court found that Florida provides an opportunity for a post-deprivation hearing and that plaintiff had not alleged that the taking was the result of an established state procedure. This was error.

Neary's complaint alleges that his personal property was seized under the guise of a "Mass Security Search for Weapons." It further alleges that "under existing policy's [sic] property seized is to be stored in the institutional property room for thirty (30) days and if not disposed of by the inmate, then the property may be disposed of by the institution pursuant to policy memorandum # 66." Examining Neary's pro se complaint under less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), we find that these allegations sufficiently charged that the taking was the result of an established state procedure. Accordingly, *Parratt* was improperly relied on. It cannot be said "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. City of Montezuma*, 650 F.2d 648, 651 (5th Cir. 1981) (Unit B) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

REVERSED.