**James Marion LEE, Plaintiff-Appellant,**

v.

**David C. EVANS, et al.,**
**Defendants-Appellees.**

**No. 85–8677**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 19, 1986.

Michael E. Hobbs, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Lee's pro se § 1983 case was dismissed prior to service pursuant to 28 U.S.C. § 1915(d). Under that section a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Phillips v. Mashburn,* 746 F.2d 782, 784 (11th Cir.1984).

Lee, a Georgia state prisoner, alleges that he has not been provided with adequate medical care. His list of specific complaints is lengthy, and some are trivial, but others are serious in nature. He alleges a doctor, after testing, found a growth or tumor in his stomach and directed more tests but that while the additional tests were in progress they were cancelled by another doctor. After complaining for several months of upper chest pain and blood in his bowel movements he was given additional testing and, a year after original discovery of the tumor or growth, the condition was again found and reported. He has been informed that the diet and treatment he needs for the condition are not available at any state institution.

Second, he alleges that he developed a severe infection in his left ear, and after testing antibiotics were prescribed and it was directed that he be sent to the ENT (presumably ear, nose and throat) clinic, but he was never sent there.

Third, he claims that one of the doctors at the institution has continually denied him medications though they are prescribed for him. Additional claims involve a leg brace that is alleged to be too small, denial of a proper diet and treatment for his stomach condition, denial of false teeth that would permit him to chew his food as required for his stomach condition. Numerous other conditions and denials and

cancellation of treatment and denial of treatment are alleged.

Finally, he charges that he raised many of his complaints in a grievance filed with the warden, who denied the grievance but sent it forward to the Georgia Department of Offender Rehabilitation, which lost the grievance. A copy was filed to replace the lost copy, and some 16 months later no action has been taken on the grievance and petitioner then filed this case.

Lee has adequately alleged a claim of deliberate indifference to his serious medical needs under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The complaint should not have been dismissed prior to service of process.

REVERSED.