Marcus B. HARRIS, Plaintiff-Appellant,

v.

Manuel MENENDEZ, Mr. Hermida, State Attorney, C.N. Pisano, Sheriff, Defendants-Appellees.

No. 86–3777
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 27, 1987.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

Marcus Harris appeals the district court's dismissal of his *pro se* civil rights complaint. We affirm that dismissal.

Harris was charged in a state court proceeding with violating two conditions of his probation. During the hearing on those two charges, which are not otherwise relevant here, the state notified the court of two new charges of uttering forged instruments, although no affidavit of the violation had been filed. The judge continued the revocation hearing so that the state could determine what it wished to do with the new charges.

Judge Manuel Menendez presided over the second revocation hearing. Although Harris' pleadings and appellate brief are not clear on this point, Mr. Hermida was apparently the state attorney who charged Harris. According to testimony at the hearing, Deputy Sheriff Carmen Pisano arrested Harris on the forgery charges after an alleged accomplice implicated and identified Harris. At the end of the hearing, Judge Menendez found no violations concerning the two original charges, but revoked Harris' probation based on the forged check charges.

Harris appealed that decision, arguing that the forged check charges could not be used to revoke probation because they were not charged in the affidavit of probation violation. The Florida District Court of Appeals agreed[1] and reversed the probation revocation.

Harris then filed a 42 U.S.C. sec. 1983 complaint in the United States District Court for the Middle District of Florida, alleging that Judge Menendez, Mr. Hermida and Deputy Sheriff Pisano violated his constitutional rights by perjuring themselves and conspiring to have his probation improperly revoked. Harris also alleged that Pisano arrested him without probable cause.

Harris filed the complaint *pro se*, along with an application to proceed *in forma pauperis*. Before service of Harris' complaint, the district court dismissed the complaint as frivolous under 28 U.S.C. sec. 1915(d). Harris, currently incarcerated in the Hillsborough County Jail for reasons unknown to this court, appeals that decision.

Federal courts are facing a barrage of civil rights petitions filed by prisoners. The number of such suits has risen from 218 in 1966 to 18,034 in 1984 and to 20,842 last year.[2] One of the reasons for this surge in prisoner litigation is the authorization under 28 U.S.C.A. sec. 1915(a) to sue *in forma pauperis* (IFP) without prepayment of fees. An important adjunct of that license is the discretion afforded the district courts under section 1915(d) to sua sponte dismiss IFP proceedings if the suit is "frivolous or malicious."

The reasons for granting broader discretion in IFP suits than in ordinary civil actions are compelling. Persons proceeding IFP do not face the same financial obstacles as other litigants. IFP petitioners not only are exempt from customary court costs, but because of their poverty are practically immune from the financial deterrents to filing frivolous lawsuits, such as assignment of costs of the suit and tort liability for abuse of process. This immunity increases the temptation to file complaints which are factually unprovable or legally questionable. *Green v. City of Montezuma*, 650 F.2d 648, 651 (5th Cir.

1. The Florida appellate court noted that there was an indication that the trial court had before it an amended affidavit, but none was in the record.

2. Annual Report of the Director of the Administrative Office of the United States Courts for the Twelve Month Period Ended June 30, 1984, at 142–43; Annual Report of the Director of Administrative Office of the United States Courts for the Twelve Month Period ended June 30, 1986, Appendix I at 21.

Unit B 1981) [3]; *see also, Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir.1984). No one should be allowed to misuse the courts with impunity. Certainly, nothing in section 1915 requires taxpayers to subsidize misuse of the courts.

Prisoners possess several advantages over even the ordinary *pro se* litigant. Not only do prisoners have time to draft multiple and prolonged pleadings, but the state must provide free materials such as pen and paper and free services such as legal information and mailing privileges. *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir.1986) (en banc). Prisoners are also more tempted to file meritless complaints. In the words of Justice Rehnquist, "Though [an inmate] may be denied legal relief, he will nonetheless have obtained a short sabbatical in the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (Rehnquist, J., dissenting). Importantly, "meritless actions offer inmates an unrestricted method of harassing prison and law enforcement officials." *Phillips v. Mashburn*, 746 F.2d 782 (11th Cir.1984).

These frivolous claims impose a heavy cost on the justice system. The federal courts have limited resources. Every resource expended on a frivolous petition is one less resource available for the just adjudication of a valid petition. The sheer volume of frivolous civil rights complaints threatens to obscure the violations that actually need redress by the federal courts. As the number of these lawsuits rises, so does the probability that a federal judge will be unable to marshall the resources needed to rectify bona fide constitutional violations, or that a judge, worn-out and weary of worthless claims, will prematurely dismiss a valid petition.

Accordingly, the principle that every truly abused prisoner deserves judicial attention requires that district courts dispose as quickly and expeditiously as possible of petitions by prisoners who are merely discontented, malicious, or bored. The Federal Rules of Civil Procedure, designed as they were for litigants facing the economic barriers inherent in the American legal system, do not offer district courts much help in this task.

For example, a district court judge considering whether to dismiss a petition under Fed.R.Civ.P. 12(b)(6) for failure to state a claim must accept the allegations in the petition as true. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S.Ct. 1733, 1734, 12 L.Ed.2d 1030 (1964). Thus, a "reasonably intelligent prisoner with a willingness to misrepresent facts can often avoid both 12(b) dismissal and summary judgment, although he actually has no chance of eventual success in his suit." *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir.1973).[4]

A district court judge, however, is not confined to the Federal Rules of Civil Procedure in IFP cases. When it enacted those rules, Congress left intact the broad mandate of 28 U.S.C. sec. 1915(d), which allows a judge to dismiss "frivolous or malicious" IFP claims. Observing that a frivolous appeal under sec. 1915(d) is one "without arguable merit," we have explained that in an IFP civil rights action, a trial court should determine whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976).

We note that some circuits have overlooked the reasons for the liberal grant of discretion in IFP cases and have held that the standard for determining when a suit is "frivolous" is the same as that for dismissal of a case under Fed.R.Civ.P. 12(b)(6). *See, e.g., Boyce v. Alizaduh*, 595 F.2d 948, 951–52 (4th Cir.1979). This circuit, however, has not merged the two standards, specifically holding that a court's authority

---

**3.** In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.

**4.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

to dismiss a complaint as frivolous under section 1915(d) is broader than dismissal under Fed.R.Civ.P. 12. *Montana v. Commissioner's Court,* 659 F.2d 19, 21 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982).

It is true that some precedent of this circuit might be interpreted as holding that the standard for dismissal under sec. 1915(d) is the same as that for dismissal under Rule 12(b)(6). In those cases, however, the issue was whether the IFP petition was legally sufficient or failed to state a claim. *See, e.g., Lee v. Evans,* 789 F.2d 885 (11th Cir.1986) (implied); *Neary v. Dugger,* 766 F.2d 456 (11th Cir.1985); *Harmon v. Berry,* 728 F.2d 1407 (11th Cir. 1984) (implied); *Green v. City of Montezuma,* 650 F.2d 648 (5th Cir. Unit B 1981); *Bruce v. Wade,* 537 F.2d 850, 852 n. 2 (5th Cir.1976). When the question is the legal sufficiency of an IFP complaint, the inquiry seems the same under either sec. 1915(d) or Rule 12(b)(6). *Green v. City of Montezuma,* 650 F.2d at 651; *Montana v. Commissioners Court,* 659 F.2d at 21.

The fact that the two standards may coincide when the sufficiency of a complaint is specifically at issue, however, in no way signifies that a court may dismiss a claim as frivolous under sec. 1915(d) *only* when it is legally insufficient under Rule 12(b)(6). *Watson v. Ault,* 525 F.2d 886 (5th Cir.1976); *cf. Boag v. MacDougall,* 454 U.S. 364, 365 n. *, 102 S.Ct. 700, 701 n. *, 70 L.Ed.2d 551 (1982) (refusing to decide whether legally sufficient complaint was frivolous under sec. 1915(d)). In fact, the precedent of this circuit compels the opposite conclusion.

In 1973, this circuit's predecessor, the former Fifth Circuit, affirmed the opinion in *Jones v. Bales,* 58 F.R.D. 453 (N.D.Ga.

1972), for the reasons and authorities cited by the district court. *Jones v. Bales,* 480 F.2d 805 (5th Cir.1973). By doing so, the former Fifth Circuit effectively adopted and republished as an appellate opinion the district court's opinion in *Jones.* In that opinion, the district court allowed the plaintiff prisoner to proceed IFP. After months of discovery and other proceedings, the district court noted that the plaintiff's allegations "simply strain credulity" and dismissed the action under sec. 1915(d) as "frivolous and perhaps malicious." *Id.* at 461. In affirming that opinion, the Fifth Circuit approved the principle that an IFP complaint that states a claim under Rule 12(b)(6) may nevertheless be dismissed under sec. 1915(d) as soon as the court becomes convinced that it is frivolous, that is, that "the plaintiff's realistic chances of ultimate success are slight." *Id.* at 464.[5]

Succeeding cases might have used language that confused the issue, but none has eroded the principle that a legally sufficient IFP complaint may still be dismissed as frivolous. Of course, a district court must conduct a sufficient inquiry into the matter to be certain both legally and factually that the plaintiff has little or no chance of success. *Ibarra v. Olivarri,* 587 F.2d 677, 677 (5th Cir.1979); *Taylor v. Gibson,* 529 F.2d 709, 715–16 (5th Cir.1976). What inquiry is sufficient depends upon the circumstances of the case. In making that inquiry, however, the district court is not bound by the strictures of Rule 12(b)(6). *See generally Taylor v. Gibson,* 529 F.2d at 717 (giving examples of 1915(d) dismissals of complaints that are both legally and facially sufficient). Thus, for instance, a court may require the plaintiff to particularize his allegations prior to service of process, *Watson v. Ault,* 525 F.2d at 892,

---

**5.** There is no inconsistency between the *Watson v. Ault* statement that a "frivolous" claim is one "without arguable merit" and the definition of "frivolous" action accepted by this circuit in *Jones v. Bales,* that is, an action in which "the plaintiff's realistic chances of ultimate success are slight." Arguable means capable of being convincingly argued. *Webster's Ninth New Collegiate Dictionary* 102 (1986). An action or claim in which "the plaintiff's realistic chances of ultimate success are slight" is not one capable

of being convincingly argued. If there were any inconsistency, *Jones v. Bales,* which is soundly reasoned and is the earliest binding precedent defining the term "frivolous" under section 1915(d), would control over subsequent contrary cases. *Robinson v. Tanner,* 798 F.2d 1378, 1383 (11th Cir.1986) (earlier of conflicting cases to be followed); *Dorse v. Armstrong World Industries, Inc.,* 798 F.2d 1372, 1378 (11th Cir. 1986) (follow case most consistent with common sense and reason).

and may "ascertain whether there is a factual basis for the petitioner's suit." *Id.* at 891 (citing *Jones v. Bales* ). *Cf. Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) (error to dismiss complaint on Rule 12(b)(6) grounds before service); *Williams v. Rhoden,* 629 F.2d 1099, 1101 (5th Cir.1980) (when district court refuses to allow plaintiff to proceed IFP, court may not dismiss under sec. 1915(d)).

■ Section 1915(d) is a broad grant of discretion to the courts regarding management of IFP actions. Consequently, when reviewing a sec. 1915(d) dismissal, our inquiry is limited to whether the dismissal was an abuse of discretion. *See Camp v. Oliver,* 798 F.2d 434, 437 (11th Cir.1986). In Harris' case, the district court dismissed his petition upon determining that two of the defendants would be immune from liability. The record amply supports the district court's conclusion.

■ Judge Menendez was clearly acting within his jurisdiction in ruling on Harris' probation revocation; therefore, he is absolutely immune from a suit for damages. *Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980). State attorney Hermida is also immune from a suit for damages for prosecuting Harris. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir.1980). Harris alleges that Sheriff Pisano violated his constitutional rights by arresting him without probable cause. We find nothing in either Harris' brief or the record to support this assertion.

Finally, Harris claims that the three defendants conspired to prosecute him through the use of a "phantom affidavit." The district court apparently construed this phrase to mean a false affidavit. The record reveals that the only irregularity associated with the second revocation hearing was the *absence* of an affidavit. Furthermore, as the district court noted, "but for the technical violation of Harris' rights there was ample evidence supporting the revocation of his parole."

■ If, on the other hand, Harris meant the term "phantom affidavit" to describe the absence of an affidavit, his claim still must fall. Harris gives no other basis for his claim of conspiracy, and a naked assertion of conspiracy is an insufficient foundation for a section 1983 claim. *Phillips v. Mashburn,* 746 F.2d 782 (11th Cir. 1984). Furthermore, Harris has a history of filing numerous *pro se,* IFP petitions.[6] Even if the complaint in this case is facially sufficient pursuant to Rule 12(b)(6), we agree that plaintiff's realistic chances of ultimate success are slight and that the action is frivolous.[7]

---

**6.** Our review of the court records of the United States District Court for the Middle District of Florida, *see ITT Rayonier, Inc. v. United States,* 651 F.2d 343, 345 n. 2 (5th Cir. Unit B 1981) (court may take judicial notice of its own records and records of lower courts), reveals that Harris has filed nine *pro se* IFP petitions since January 1, 1985. Of those petitions, none has yet reached the stage of trial on the merits; five were disposed of adversely to Harris. *See generally, Jones v. Bales,* 587 F.R.D. at 465 n. 4 (past lack of success relevant to consideration of chances of ultimate success), *aff'd* 480 F.2d 805 (5th Cir.1973).

**7.** The concurring opinion argues that there is no need to reach the question of the scope of a district court's power to dismiss an IFP action as frivolous pursuant to section 1915(d), because the complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6) in any event. The district court in this case, however, did not dismiss pursuant to Rule 12(b)(6). The district court's judgment and order of dismissal do not mention

in any way failure to state a claim or Rule 12(b)(6). Rather, the district court dismissed the action as frivolous pursuant to section 1915(d). Therefore, this case squarely presents the question of a district court's power to dismiss a lawsuit as frivolous under section 1915(d).

Harris' complaint probably does not state a claim upon which relief can be granted; there is some doubt about this conclusion, however. Harris' pro se complaint and attached documents, when liberally construed, allege that Sheriff Pisano arrested Harris without a warrant or probable cause, knowing that the information incriminating Harris was false. These allegations are not otherwise supported by the materials plaintiff attached to the complaint and are probably so conclusory as to fail to state a cause of action. Nonetheless, whether or not Harris' complaint actually states a cause of action in this respect is a hard question that neither the district court nor this court need decide. Section 1915(d) enables a district court

A district court may, as it did in the present case, dismiss an I.F.P. lawsuit prior to service of process. *Phillips v. Mashburn,* 746 F.2d 782, 784 (11th Cir.1984). One of the purposes of section 1915(d) is to spare defendants the inconvenience and expense of answering a frivolous complaint.[8] *Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981). *See also* Federal Judicial Center, *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* 59 (1980) (recommending that courts determine frivolity of IFP petitions before issuing process to protect defendants from the burden of answering a frivolous petition).

In light of these facts and conclusions, we find no abuse of discretion in the district court's dismissal of Harris' petition and AFFIRM.

ANDERSON, Circuit Judge, concurring in the judgment:

Though I concur in the judgment of the court, I believe that its discussion of distinctions between the standard for dismissal of a frivolous claim under 28 U.S.C. § 1915(d) and the standard for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim is unnecessary to a resolution of the case.

Harris' claim against Judge Menendez is plainly barred because Judge Menendez is absolutely immune from a suit for damages for the actions he is alleged to have taken. *See Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980). Similarly, state attorney Hermida is absolutely immune from a suit for damages for prosecuting Harris. *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976). Harris' other allegations are merely conclusory. A mere conclusory allegation is not sufficient when the actual facts will not support a reliable inference that the allegation is true. Thus, Harris' complaint fails to state a claim upon which relief can be granted and would be properly dismissed under Fed.R.Civ.P. 12(b)(6).

Since I conclude that the district court has not abused its discretion in dismissing this complaint as frivolous pursuant to § 1915(d), and that, had the district court applied Rule 12(b)(6), it would have been equally correct in dismissing this complaint for failure to state a claim, I do not believe that it is necessary to discuss any distinctions which might exist between the two standards. It is sufficient for us to conclude that no abuse of discretion has occurred, and we need not resolve the tension between the two standards which may exist in our precedent.

For the foregoing reasons, I concur in the judgment of the court and would affirm the district court's order dismissing Harris' complaint as frivolous.

---

to dismiss a lawsuit as frivolous without making the sometimes difficult and delicate determination of whether a complaint actually states a cause of action.

**8.** "I must say, as a litigant, I should dread a lawsuit beyond almost anything else short of sickness and death." J. Frank, *Courts on Trial* 40 (1950) (quoting Judge Learned Hand).