**L.D. JACKSON, Plaintiff,**

v.

**Jim WHARTON, et al., Defendants.**

**Civ. A. No. 87–173–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

June 20, 1988.

L.D. Jackson, Atlanta, Ga., for plaintiff.

John C. Jones, Atlanta, Ga., for defendants.

### ORDER

OWENS, Chief Judge.

Without objection from the petitioner, the recommendation of the magistrate that the subject petition be dismissed as frivolous is hereby accepted in its entirety and made the order of the court.

### RECOMMENDATION

May 23, 1988.

CLAUDE W. HICKS, Jr., United States Magistrate.

Plaintiff L.D. JACKSON is proceeding *pro se* in the above-captioned § 1983 proceeding. He is also proceeding *in forma pauperis* under order of this court entered July 2, 1987. This matter was referred to the United States Magistrate under the standing order of this court entered August 6, 1986. Now before the court for consideration is the motion of the defendants to dismiss this action as legally frivolous under 28 U.S.C. § 1915(d). Plaintiff has filed no response to this motion.

On February 25, 1988, a hearing was held before Claude W. Hicks, Jr., United States Magistrate for the Middle District of Georgia, at which time plaintiff JACKSON appeared *pro se,* and defendants were represented by Assistant Attorney General John C. Jones. Argument was presented on behalf of both the plaintiff and the defendants so that the court could better understand the contentions of each in this proceeding.

In the case at bar, plaintiff JACKSON complains of his inability to obtain dentures while an inmate at the Men's Correctional Institution at Hardwick, Georgia. He contends that though dentures were badly needed by him, prison authorities failed to provide them to him. The court has made an in-depth inquiry into this matter by way of requiring a Special Report from the defendants and by way of holding a pretrial hearing so that plaintiff JACKSON could personally appear before the court and explain the circumstances of his case. Upon an examination of his contentions, the undersigned is convinced that plaintiff's complaint ought to be dismissed as legally frivolous.

Once leave to proceed *in forma pauperis* has been granted, § 1915(d) allows the court to dismiss the complaint at any time if it determines the complaint to be frivolous or malicious in order to spare the defendant(s) the inconvenience and expense of defending a frivolous complaint. *Woodall v. Foti,* 648 F.2d 268 (5th Cir.1981); *Procup v. Strickland,* 760 F.2d 1107, 1114 (11th Cir.1985). *See also Harris v. Menendez,* 817 F.2d 737 (11th Cir.1987). A complaint is deemed to be frivolous if the court determines that plaintiff has no realistic chance of success on his contentions. *Harris v. Menendez, supra.*

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immuni-

ties guaranteed by the Constitution or laws of the United States. *Id.*

The standard for determining whether an inmate's medical or dental claim may proceed under 42 U.S.C. § 1983 is set forth in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). In that case, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." (emphasis added). The initial question presented in this case is whether petitioner's complaint states a claim of "deliberate indifference" to "serious" medical needs or whether it ought to be dismissed as frivolous.

"In order to take a Section 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett,* 689 F.2d 1370 (11th Cir.1982) (citations omitted).

*Estelle v. Gamble, supra,* sets forth two basic requirements which a plaintiff must meet in alleging a claim under § 1983. First of all, the defendants must have been "deliberately indifferent." Secondly, they must have been deliberately indifferent to his "serious" medical needs. *Jones v. Evans,* 544 F.Supp. 769, 775 (N.D.Ga.1982); *Dickson v. Colman,* 569 F.2d 1310, 1311 (5th Cir.1978). In the case at bar, plaintiff's claim must fall because of his inability to establish a "serious" medical/dental need.

When plaintiff appeared before this court at a pretrial hearing on February 25, 1988, he appeared *with dentures.* He had been released from prison on November 6, 1987, and the State of Georgia, after advising the court, had forwarded plaintiff's long-awaited dentures to his private dentist so that plaintiff might have them.

Plaintiff had alleged in his complaint that these dentures were sorely needed because he could not chew his food properly without them after the State extracted *all* of his teeth. This resulted in other health problems for him. The court questioned plaintiff about the nature of his dental problems and learned for the first time that at the time he *entered* the Georgia prison system, he had only six teeth in his mouth! All of these teeth were on the lower jaw making it absolutely impossible for him to chew food with them. It was these teeth which were extracted by prison authorities and for which dentures had been ordered by the State but which had not be delivered to plaintiff at the time he filed his complaint in June of 1987. In addition, plaintiff stated to the court at the pretrial hearing that even now he *removes* his dentures to eat because it is easier for him to chew without them! Basically, he states, the dentures are for cosmetic purposes. In the court's view, this belies his contention that his dental needs were "serious" thus obviating the need for immediate or emergency-type action on the part of the defendants.

The court's authority to dismiss a complaint as frivolous under § 1915(d) is broader than dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure on which the defendants rely in seeking dismissal of plaintiff's complaint. *Montana v. Commissioner's Court,* 659 F.2d 19, 21 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982). Even a complaint brought *in forma pauperis* which states a claim under Rule 12(b)(6) may be dismissed under § 1915(d) as soon as the court becomes convinced that it is frivolous, that is, that "the plaintiff's realistic chances of ultimate success are slight." *Watson v. Ault,* 525 F.2d 886 (5th Cir.1976); *Jones v. Bales,* 58 F.R.D. 453 (N.D.Ga.1972), affirmed in *Jones v. Bales,* 480 F.2d 805 (5th Cir.1973); all cited in *Harris v. Menendez, supra.*

It is incumbent upon the court to conduct a sufficient inquiry into the allegations raised by the plaintiff to be certain both legally and factually that the plaintiff has little or no chance of success. *Ibarra v. Olivarri,* 587 F.2d 677 (5th Cir.1979); *Taylor v. Gibson,* 529 F.2d 709, 715–16 (5th

Cir.1976); cited in *Harris v. Menendez, supra,* at 740. This the court has done. Upon a thorough review of plaintiff's pleadings and affidavits and of his statements at the hearing of February 25th, this court is convinced that plaintiff's action ought to be dismissed pursuant to 28 U.S.C. § 1915(d) because his realistic chances of ultimate success are slight. In the court's view, plaintiff simply cannot establish the "serious" nature of his medical needs.

Accordingly, for the reasons stated above, IT IS THE RECOMMENDATION of the undersigned that defendants' motion to dismiss be GRANTED and that the above-styled petition be DISMISSED as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the Honorable Wilbur D. Owens, Jr., Chief Judge of this court, WITHIN TEN (10) DAYS after being served with a copy thereof.