H. Glenn Hatfield, Columbus, Ga., pro se.

**H. Glenn HATFIELD, Plaintiff,**

v.

**Kim Craft HUFF, et al., Defendants.**

**Civ. A. No. 88–131–COL (WDO).**

United States District Court,
M.D. Georgia,
Columbus Division.

March 1, 1989.

## ORDER

OWENS, Chief Judge.

Pursuant to the mandate of the Eleventh Circuit Court of Appeals which was made the order of this court on October 12, 1988, the *pro se* 42 U.S.C. § 1983 complaint of H. Glenn Hatfield was filed *in forma pauperis* and on October 25, 1988, reassigned to Chief Judge Wilbur D. Owens, Jr.

Preceding the issuing of the opinion and mandate of the Eleventh Circuit, plaintiff Hatfield was attempting to file *in forma pauperis* a complaint for equitable and injunctive relief and declaratory judgment in which the named defendants were Kim Craft Huff (his ex-wife); Muscogee County

Superior Court Judges Land, Whisnant, Followill and McCombs; and, the Muscogee County Superior Court. In that complaint plaintiff Hatfield asked this United States district court to enjoin and set aside orders of the Superior Court of Muscogee County and of the Muscogee County Juvenile Court changing the custody of plaintiff's minor child, H. Glenn Hatfield II, from plaintiff to plaintiff's ex-wife, the mother of H. Glenn Hatfield II, and asked this court to order immediate return of the minor child to the plaintiff father's custody. Plaintiff Hatfield in his complaint contended that this court has jurisdiction because his action is based upon a federal question and the Constitution of the United States, giving jurisdiction under 28 U.S.C. § 1331, *et seq.*, and 42 U.S.C. § 1983.

On October 11, 1988, Mr. Hatfield prepared an expanded, forty-nine page complaint naming as defendants the following:

Kim Craft Huff (his ex-wife)

Superior Court Judges McComb and Land

Juvenile Probation Officer Jane Becker

Attorneys James A. Elkins, Jr. and Paul Gemette

Attorney Richard B. Zimmerman, Jr.

Corine A. Holton and Francis T. Holton, Jr., d/b/a Holton Rentals

Deputy Sheriff M.R. Massey and other unknown deputies

Muscogee County Sheriff Eugene Hodge, Columbus–Muscogee County, Georgia

Gwinnett County Deputy Sheriffs Michael S. Bowden, Mr. Mangrum and several unknown

Commission of Gwinett County

Judge J. Robert Elliott (of this court)

Mr. Hatfield presented this complaint to the clerk's office of this court. The clerk placed it in the file with a note thereon— "Clerk's Office to Await Approval of Judge Before Filing Amendment."

That amended complaint charges each defendant in various and sundry conclusory allegations, with conspiring to cause permanent custody of plaintiff's minor son to be illegally awarded to plaintiff's ex-wife, Kim Craft Huff. The complaint alleges the violation of constitutional rights guaranteed by the First, Fourth, Fifth, Ninth, Tenth and Fourteenth Amendments and by 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff asks for compensatory and punitive damages, and he asks that the child custody state court proceeding be declared null and void, thus restoring permanent custody to plaintiff.

In the amended complaint plaintiff also added his minor son, H. Glenn Hatfield II, as a party plaintiff proceeding by plaintiff as his father and next friend.

Having been advised of the assignment of his civil action to this judge, Mr. Hatfield, by letter of November 7, 1988, inquired of this judge about the status of his pending motion to direct the clerk to file his amended complaint and issue summons to each defendant. Mr. Hatfield also filed a motion for preliminary injunction relief. By letter of November 9, 1988, this judge advised Mr. Hatfield:

Dear Mr. Hatfield:

While your complaint has been filed in forma pauperis (without payment of fees and costs), this court must determine whether or not it is legally frivolous or malicious before process will be served. If it is determined to be legally frivolous or malicious, it will be dismissed prior to process being served. On the other hand, if it is found not to be legally frivolous or malicious, process—as requested—will be served. *See Woodall v. Foti*, 648 F.2d 268 (5th Cir.1981).

Title 42, U.S.C. § 1983, which possibly gives this court jurisdiction of your complaints, is a statute or law passed by Congress which gives you a remedy for deprivation of a right derived from the Constitution of the United States. See annotation in 43 L.Ed.2d 833. It does not give this court jurisdiction of the deprivation of state law rights.

An examination of your complaint causes this court to seriously question your allegation that the defendants have deprived you of a federal constitutional right. Before ruling on that question the court will give you an opportunity to

clarify and particularize your complaint. For that purpose, within thirty (30) days let me have a written statement of the non-conclusory facts that you are prepared to prove and a particularization of the constitutional rights of which you have been deprived.

In the meantime, the entire case will be held in abeyance—service of process will not be authorized and your proposed amendment will not be considered.

Very truly yours.

On December 9, 1988, Mr. Hatfield filed a nineteen-page response in which he continued to allege that the various defendants in various ways conspired illegally and unconstitutionally to cause permanent custody of his minor son to be given to his ex-wife, his son's mother.

After receiving Mr. Hatfield's written response this judge, in a further effort to determine whether or not Mr. Hatfield's *pro se* amended allegations are possibly within this court's jurisdiction, invited Mr. Hatfield to appear and tell this judge the facts surrounding his amended complaint. He did appear on January 5, 1989, and he told of his troubles at great length. All that was said has been transcribed. Asked at the conclusion of that conference to reconsider his desire to proceed in this court, Mr. Hatfield subsequently advised that he still wishes to try to right these wrongs by proceeding in this court.

Having carefully read all that Mr. Hatfield has submitted and having carefully considered all that Mr. Hatfield said on January 5, 1989, it is this judge's considered judgment that Mr. Hatfield's principal and only objective in this court is to cause this court to overturn, set aside and declare constitutionally null and void the orders of the Superior Court of Muscogee County and the Juvenile Court of Muscogee County awarding custody of Mr. Hatfield's son, H. Glenn Hatfield II, to his ex-wife, his son's mother, from and after 9:21 a.m., January 21, 1987.

As Mr. Hatfield was advised, even though his original complaint was filed in forma pauperis, it was and is this court's responsibility before causing summons to issue to the defendants named in the original complaint or as amended, 28 U.S.C. § 1915(d), to determine whether or not his *pro se* complaint, original or as amended, is legally frivolous and subject to dismissal before summons issue.

The Eleventh Circuit Court of Appeals in *Harris v. Menendez,* 817 F.2d 737 (1987), set forth in great detail the procedure for evaluating *pro se* civil rights complaints and determining whether or not to permit them to proceed under 28 U.S.C. § 1915(d). The Circuit Court, in particular, stated:

A district court judge, however, is not confined to the Federal Rules of Civil Procedure in IFP cases. When it enacted those rules, Congress left intact the broad mandate of 28 U.S.C. sec. 1915(d), which allows a judge to dismiss "frivolous or malicious" IFP claims. Observing that a frivolous appeal under sec. 1915(d) is one "without arguable merit," we have explained that in an IFP civil rights action, a trial court should determine whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong." *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976).

\* \* \* \* \* \*

It is true that some precedent of this circuit might be interpreted as holding that the standard for dismissal under sec. 1915(d) is the same as that for dismissal under Rule 12(b)(6). In those cases, however, the issue was whether the IFP petition was legally sufficient or failed to state a claim. *See e.g., Lee v. Evans,* 789 F.2d 885 (11th Cir.1986) (implied); *Neary v. Dugger,* 766 F.2d 456 (11th Cir.1985); *Harmon v. Berry,* 728 F.2d 1407 (11th Cir.1984) (implied); *Green v. City of Montezuma,* 650 F.2d 648 (5th Cir. Unit B. 1981); *Bruce v. Wade,* 537 F.2d 850, 852 n. 2 (5th Cir. 1976). When the question is the legal sufficiency of an IFP complaint, the inquiry seems the same under either sec. 1915(d) or Rule 12(b)(6). *Green v. City of Montezuma,* 650 F.2d at 651; *Montana v. Commissioners Court,* 659 F.2d[19] at 21 [(5th Cir.1981)].

The fact that the two standards may coincide when the sufficiency of a complaint is specifically at issue, however, in no way signifies that a court may dismiss a claim as frivolous under sec. 1915(d) only when it is legally insufficient under Rule 12(b)(6). *Watson v. Ault*, 525 F.2d 886 (5th Cir.1976); *cf. Boag v. MacDougall*, 454 U.S. 364, 365 n. *, 102 S.Ct. 700, 701 n *, 70 L.Ed.2d 551 (1982) (refusing to decide whether legally sufficient complaint was frivolous under sec. 1915(d)). In fact, the precedent of this circuit compels the opposite conclusion.

In 1973, this circuit's predecessor, the former Fifth Circuit, affirmed the opinion in *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga.1972), for the reasons and authorities cited by the district court. *Jones v. Bales*, 480 F.2d 805 (5th Cir.1973). By doing so, the former Fifth Circuit effectively adopted and republished as an appellate opinion the district court's opinion in *Jones*. In that opinion, the district court allowed the plaintiff prisoner to proceed IFP. After months of discovery and other proceedings, the district court noted that the plaintiff's allegations "simply strain credulity" and dismissed the action under sec. 1915(d) as "frivolous and perhaps malicious." *Id.* at 461. In affirming that opinion, the Fifth Circuit approved the principle that an IFP complaint that states a claim under Rule 12(b)(6) may nevertheless be dismissed under sec. 1915(d) as soon as the court becomes convinced that it is frivolous, that is, that "the plaintiff's realistic chances of ultimate success are slight." *Id.* at 464.

Succeeding cases might have used language that confused the issue, but none has eroded the principle that a legally sufficient IFP complaint may still be dismissed as frivolous. Of course, a district court must conduct a sufficient inquiry into the matter to be certain both legally and factually that the plaintiff has little or no chance of success. *Ibarra v. Olivarri*, 587 F.2d 677, 677 (5th Cir.1979); *Taylor v. Gibson*, 529 F.2d 709, 715–16 (5th Cir.1976). What inquiry is sufficient depends upon the circumstances of the case. In making that inquiry, however, the district court is not bound by the strictures of Rule 12(b)(6). *See generally Taylor v. Gibson*, 529 F.2d at 717 (giving examples of 1915(d) dismissals of complaints that are both legally and facially sufficient). Thus, for instance, a court may require the plaintiff to particularize his allegations prior to service of process, *Watson v. Ault*, 525 F.2d at 892, and may "ascertain whether there is a factual basis for the petitioner's suit." *Id.* at 891 (citing *Jones v. Bales*). *Cf. Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) (error to dismiss complaint on Rule 12(b)(6) grounds before service); *Williams v. Rhoden*, 629 F.2d 1099, 1101 (5th Cir.1980) (when district court refuses to allow plaintiff to proceed IFP, court may not dismiss under sec. 1915(d)).

In obedience to all that was said in *Harris v. Menendez, supra*, this court has fully inquired into the facts surrounding Mr. Hatfield's complaint and carefully considered whether or not Mr. Harfield's original or amended complaint as explained by him has "a factual and legal basis, of constitutional dimension, for the asserted wrong" of depriving him of the custody of his minor child. *Watson v. Ault*, 525 F.2d at 892.

Mr. Hatfield as a loving, devoted father is naturally distraught over loss of custody of his child who until January 21, 1987, had been in his custody since he and his wife were divorced on December 11, 1980, and wants this court to right that wrong. Believing in the Constitution of the United States, the source of all our rights and privileges, he asserts what he believes are constitutional rights insulating and protecting him and his child from the state court procedures which resulted in custody being awarded to his ex-wife. Mr. Hatfield persists in those beliefs, unaware that the Supreme Court of the United States in 1889 in *Ex Parte Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500, stated as follows:

The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States

and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction. Whether the one or the other is entitled to the possession does not depend upon any Act of Congress, or any treaty of the United States or its Constitution.

Since then the courts of the United States, district and appellate, have consistently held that federal courts should refuse to exercise jurisdiction in domestic relations cases regardless of being urged to do so in diversity or 42 U.S.C. § 1983 cases. *See Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978), *Kirby v. Mellenger*, 830 F.2d 176 (11th Cir.1987), and Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3609.

As the district judge in *LaMontagne v. LaMontagne*, 394 F.Supp. 1159, 1160 (D.Mass.1975), stated:

> With regard to the merits of the complaint, a reading of the complaint and the arguments made ... establish beyond peradventure that the instant litigation, although dressed in constitutional clothing, is nothing more or nothing less than a domestic relations contest between two persons for custody of a child conceived and born to them....

So it is with Mr. Hatfield's complaint—original and amended.

If this *pro se* case were allowed to proceed, this court would be faced with questions of custody and parental rights, with a pending state court action and with the threat that these former spouses are seeking to play one court system off against the other, all of the core concerns that require this court to abstain from getting involved in this domestic child custody dispute.

### Further Grounds for Dismissal Prior to Authorizing Service

■ In its effort to determine whether or not this *pro se* plaintiff has any possible cause of action within this court's jurisdiction that is neither frivolous nor malicious, see 28 U.S.C. § 1915(d), this court's clerk obtained copies of all civil docket sheets for plaintiff's cases from the Superior Court of Muscogee County, Georgia. From those docket sheets, which have been filed as part of the record of this case, the court learned for the first time that plaintiff Mr. Hatfield, proceeding *pro se*, filed a civil damage suit in 1987—87C–1493—against defendants Kim Huff, F. Holton, Hodges, Miles, Becker, McCombs, Gemmette, C. Holton, Magwood, Elkins and James Huff, and that said damage suit, in the trial court and upon appeal, was decided against the plaintiff (copy of complaint attached). It is, therefore, apparent to this court that plaintiff Mr. Hatfield, in addition to attempting to embroil this United States court in a state court domestic and child custody dispute, is also attempting to relitigate a civil damage action commenced and lost in the courts of this state.

*Res judicata*, generally speaking, bars relitigation in this court of matters already litigated by Mr. Hatfield in the Superior Court of Muscogee County, and more specifically bars Mr. Hatfield from proceeding in this court to attack the judgments of the Superior Court of Muscogee County and of the appellate courts of this state. As stated in Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4469, "it seems elementary that the statutes giving the Supreme Court jurisdiction to review state court judgments should be read with the statutes conferring original jurisdiction on lower federal courts to establish that direct review of state courts can be had only in the Supreme Court [of the United States]...." *Id.* at 664, citing *Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642. Such review, therefore, may not be had in this United States District Court.

As the Supreme Court stated:

> *Res judicata* ensures the finality of decisions. Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based

on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 59 L.Ed.2d 210, 99 S.Ct. 970 [973] (1979). *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 84 L.Ed. 329, 60 S.Ct. 317 [320] (1940); 1B J. Moore, Federal Practice § 0.405[1] (2d ed 1974). *Res judicata* thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

*Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767, 771. One hundred twenty-four years ago, in 1855, the Supreme Court stated:

> One of the questions now sought to be agitated again is precisely the same as this one in the previous suit.... But this question was properly involved in the former case, and might have been there raised and determined. The neglect of the plaintiff to avail himself of it, even if it were tenable, furnishes no reason for another litigation.... We are satisfied, therefore, that the former suit constitutes a complete bar to the present.

*Stockton v. Ford*, 59 U.S. (18 How.) 418, 420, 15 L.Ed. 395, 396.

This court is likewise satisfied that Mr. Hatfield's former state court civil action constitutes a complete bar to this proceeding.

Pursuant to 28 U.S.C. § 1915(d), plaintiff Hatfield's original and amended complaints are legally frivolous and thus DISMISSED.

SO ORDERED.