**Gary Leigh JORDAN, Tx. Dem. Republican Social Revolutionary Organ. Com., Plaintiff,**

v.

**CITY OF MIAMI, DEP'T OF POLICE, Defendant.**

No. 89–1445–CIV.

United States District Court, S.D. Florida.

Aug. 7, 1989.

Gary Leigh Jordan, pro se.

### ORDER OF DISMISSAL

SCOTT, District Judge.

This cause is before the Court for a *sua sponte* review of the file. Plaintiff, Gary Leigh Jordan, filed a *pro se* complaint against the City of Miami Police Department, alleging "failure to respond to 911 call." Based on Plaintiff's affidavit, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") without prepayment of fees, pursuant to 28 U.S.C. sec. 1915(a).

While Plaintiff has therefore been permitted to prosecute this action without bearing the costs of filing suit, that privilege is not absolute. Indeed, "[a]n important adjunct of that license is the leave afforded the district courts under section 1915(d) to *sua sponte* dismiss IFP proceedings if the suit is 'frivolous' or 'malicious.'" *Harris v. Menendez,* 817 F.2d 737, 738 (11th Cir.1987). When the complaint is frivolous or malicious on its face, the Court should dismiss the action prior to service of process to spare the defendant "the inconvenience and expense of answering a frivolous complaint." *Id.* at 742, *see Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

The Court has reviewed the allegations of Plaintiff's complaint. Plaintiff has no "realistic chance of ultimate success" on the merits of this action. *Harris,* 817 F.2d at 741. Moreover, the complaint was evi-

dently inspired by Plaintiff's racial animus toward black persons, and is therefore malicious. In the final analysis, Plaintiff's claim lacks arguable merit, and must therefore be dismissed. *Id.* at 739.

The Court will briefly recite the essential allegations of Plaintiff's complaint to demonstrate the futility of requiring Defendant to answer. Plaintiff alleges as follows:

1. Plaintiff's personal belongings were stolen "by nigger working for one of three intelligence agencies."

2. Plaintiff asked a bus driver to call the police, "but nigger acted up by not acting professionally in response to emergency."

3. "Plaintiff then asked yellow cab driver to call police and nigger refused."

4. "Plaintiff called 911 operator himself and got negroes who could not understand plain English."

5. Plaintiff proceeded to the police station, where he was unable to obtain satisfactory relief.

In keeping with the spirit of these allegations, Plaintiff requests the following relief: "Garnishment of all nigger wages in police department, 50%, and garnishment of all white wages, 30%, for two years."

While Plaintiff has failed to specify the legal basis of his claim, that error is of no consequence here. The focus of the Court's inquiry is not the sufficiency of the complaint under Federal Rule of Civil Procedure 12(b)(6), but rather its sufficiency under 28 U.S.C. sec. 1915(d). Plaintiff's complaint fails to meet that standard, as defined in *Harris v. Menendez*, 817 F.2d 737 (11th Cir.1987).

To maintain this action on the Court's docket would result in the needless investment of judicial resources without any prospect of success on the merits for Plaintiff. Such an investment is especially unwarranted, where, as here the Court could not possibly award the relief requested. Defendant should not be required to respond to the frivolous and malicious charges at issue here. Accordingly, Plaintiff's complaint is hereby DISMISSED with prejudice, without service of process to Defendant.

DONE and ORDERED.