Joseph C. SUN, Plaintiff–Appellant,

v.

J. Owen FORRESTER, United States District Judge, Defendant–Appellee.

No. 90–8546

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 21, 1991.

Joseph C. Sun, pro se.

Sharon Stokes, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant Joseph Sun ("Sun") contests the dismissal of a mandamus action instituted in the United States District Court for the Northern District of Georgia (the "district court") against one of the judges of that court, Judge J. Owen Forrester. Sun, proceeding *pro se* and *in forma pauperis* (IFP), has attempted to compel the public retraction of certain alleged deroga-

tory comments made by Judge Forrester at Sun's sentencing. Another district judge dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d).

■ This court reviews a district court's dismissal of an IFP complaint for abuse of discretion. *Clark v. State of Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir.1990). Under 28 U.S.C. § 1915(d), the district court may dismiss an IFP action if it is "frivolous or malicious." This circuit has defined a frivolous appeal under section 1915(d) as being one " 'without arguable merit.' " *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987)[1] (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). " 'Arguable means capable of being convincingly argued.' " *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n. 5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.' " (quoting *Moreland*, 899 F.2d at 1170)). In deciding whether an IFP appeal is frivolous, a district court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Watson*, 525 F.2d at 892; *Menendez*, 817 F.2d at 739. Additionally, this court has held that a district court's "authority to dismiss a complaint as frivolous under section 1915(d) is broader than dismissal under Fed.R.Civ.P. 12." *Menendez*, 817 F.2d at 739–40.

■ All of the alleged derogatory remarks by Judge Forrester occurred while he was conducting Sun's sentencing proceedings. A judge is absolutely immune from suit in performing his judicial responsibilities. *Dennis v. Sparks*, 449 U.S. 24, 27–29, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980); *Menendez*, 817 F.2d at 741. Therefore, Sun's action against Judge Forrester is completely without a legal basis, and the district court properly dismissed

---

**1.** We note that any portions of *Menendez* purportedly overruled by this court in *Prather v. Norman*, 901 F.2d 915 (11th Cir.1990) in view of the Supreme Court's decision in *Neitzke v.*

*Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), were upheld as "good law" in this circuit in *Clark*, 915 F.2d at 640 n. 1.

this case prior to service of process. *Menendez*, 817 F.2d at 742.

 In addition to being frivolous because of legal deficiency, Sun's appeal is procedurally improper. Mandamus is a "drastic" remedy which is authorized in only "'extraordinary situations.'" *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir.1986) (per curiam) (quoting *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976)). It is appropriate specifically to remedy a clear usurpation of power or abuse of discretion, "when no other adequate means of obtaining relief is available." *In re Paradyne Corp.*, 803 F.2d at 612; *see In re Capital Cities/ABC, Inc.*, 918 F.2d 140, 144 (11th Cir.1990) (Even where exceptional circumstances exist to justify mandamus relief, the party seeking mandamus bears the burden of demonstrating a clear and indisputable right to issuance of the writ.). Because we have found that this case is frivolous and that the district judge did not abuse his discretion in dismissing the complaint, the requirements for mandamus relief are absent and Sun's request for mandamus is meritless.

This case is patently frivolous. We consider another federal court's commentary, regarding an analogous IFP case in which the *pro se*, section 1915 plaintiff complained that the remarks made by the judge presiding at his trial had prejudiced his right to a fair trial, to be apt for this case:

> Although the instant suit is groundless, it is not, however, without useful purpose. It provides the court with an opportunity to demonstrate the futility of pressing spurious claims upon a judicial system already overtaxed by serious business.
>
> . . . .
>
> This complaint is totally lacking in merit and is nothing more than the vitriolic diatribe of a disgruntled litigant against the judge who heard his case. As such, its only potentially useful feature might be to discourage other mal-

contents from instituting similar meritless actions.

*McCord v. Polozola*, 555 F.Supp. 996, 998, 999 (M.D.La.1983) (Parker, C.J.). The judgment of the district court is AFFIRMED.