[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-10010

Non-Argument Calendar

————————————

In re: ERIC WATKINS,

                                                                                Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-mc-63180-WPD

————————————

Before ROSENBAUM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, filed a motion seeking leave to file a 42 U.S.C. § 1983 complaint alleging constitutional claims stemming from his suspension from a public library.  Watkins alleged that, on December 5, 2018, he was sitting quietly in the library like other patrons, when a library supervisor handed him a notice that he was being suspended from the library for 90 days.  He was escorted out by police and library security.  According to the complaint, the library supervisor failed to disclose a reason for suspending Watkins either at the time she served the notice or later when he appealed the decision.  Watkins won the appeal, but not before losing access to the library for more than a month.  Watkins claims that, by suspending him without reason, the library supervisor violated his constitutional right to patronize a public library and discriminated against him by treating him differently than similarly situated patrons.

Watkins is a serial litigant who is subject to a filing injunction that prevents him from filing any new lawsuit in the Southern District of Florida without prior court approval.  In a prior case, we affirmed the filing injunction so long as the court merely screened out the "frivolous and malicious" claims and allowed the "arguable" or "colorable" claims to go forward.  *See Watkins v. Dubreuil*, 820 F. App'x 940, 948–49 (11th Cir. 2020) (quotation marks omitted).  Here, the district court screened Watkins's proposed pleading and determined he did not present an arguable case.  Watkins appeals.

In general, we review *de novo* the legal sufficiency of a claim, accepting the factual allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Yet "[a] determination of frivolity is best left to the district court, and we will review such determinations only for abuse of discretion." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In reviewing for frivolity, the court may consider facts outside the complaint, including "a litigant's history of bringing unmeritorious litigation." *Id.* at 1350; *see also Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640–41 (11th Cir. 1990). Because the district court screened for frivolity and considered facts outside the complaint, we review for an abuse of discretion.

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349; *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (frivolity "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Moreover, even if a complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified in certain narrow circumstances, such as a "questionable claim" by a litigant with a "long history of bringing unmeritorious litigation." *Clark*, 915 F.2d at 640–41. Any finding of frivolity must have support in the record, however. *See id.* (vacating and remanding where "the record in this case establishes no explanation for concluding that [the] case is frivolous"). The court may not simply "adopt[] a presumption of frivolity in these cases." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 519 (11th Cir. 1991).

Here, Watkins's allegations arguably suggest he was denied equal protection when he was singled out for suspension from the library without reason.[1] *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1263–64 (11th Cir. 2010) ("To prevail on a class of one equal protection claim, Plaintiffs must show they were intentionally treated differently from others who were similarly situated and that there is no rational basis for the difference in treatment."). Watkins alleged that no reason was ever given for the suspension. And we cannot infer anything about the grounds for the suspension since he prevailed in appealing it. Nor is there anything in the proposed complaint to suggest that Watkins was not similarly situated with other library patrons. Plus, Watkins's allegations are not fanciful or wildly implausible.

In denying leave to file, the district court primarily relied on Watkins's litigation history, which we have described as "largely, though not entirely, meritless." *Watkins*, 820 F. App'x at 946–47. But while the court suspected that the lawsuit was frivolous and consistent with a pattern of instigating a conflict and then suing, the court conceded it could not determine whether there was a basis for the library suspension without further information relating to the content of the suspension notice. Because the current record does not support a finding of frivolity, dismissal—or, as here, denial of leave to file a complaint—was not appropriate. *See Clark*, 915

---

[1] Because we conclude that further proceedings are warranted on Watkins's claims, we do not at this time address any potential procedural or substantive claim based on a protected liberty interest to be in a public library.

F.2d at 640–41; *Cofield*, 936 F.2d at 519 (rejecting application of a presumption of frivolity).

Instead, to the extent more information is necessary to screen Watkins's pleadings for frivolity under the filing injunction, the district court may make reasonable demands for it. *See Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987) (in reviewing for frivolity, "a district court must conduct a sufficient inquiry into the matter to be certain both legally and factually that the plaintiff has little or no chance of success"). The court is not bound by the facts alleged in the complaint and "may require the plaintiff to particularize his allegations prior to service of process, and may ascertain whether there is a factual basis for the petitioner's suit." *Id.* (citation and quotation marks omitted).

Because the district court did not exercise this inquiry authority here, and because the current record does not support a finding of frivolity, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.