Terry L. BATTLE, Plaintiff–Appellant,

v.

CENTRAL STATE HOSPITAL, et al.,
Defendants–Appellees.

No. 88–8851
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 12, 1990.

Terry L. Battle, Reidsville, Ga., pro se.

Michael J. Bowers, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before JOHNSON, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Terry Le Battle appeals the district court's dismissal of his *pro se in forma pauperis* ("IFP") action. Battle is incarcerated in the custody of the Georgia State Prison. He filed the instant action under 42 U.S.C.A. § 1983 against Central State Hospital and six doctors alleging that the defendants (1) committed medical malpractice, (2) "excessively prescrib[ed] medicine that was not needed or necessary," (3) committed "a false axiom without proof or any evidence," and (4) had a "lack of Black behavior and communication experience." Complaint at 3.

The district court conducted a frivolity determination under 28 U.S.C.A. § 1915(d) and dismissed the complaint. The district court held that the plaintiff had failed to indicate that the actions of the defendants constituted deliberate indifference under

the standards of *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Consequently, the district court concluded that dismissal was proper because Battle's claims had "little or no chance of success." District Court Opinion at 1–2 (citing *Harris v. Menendez,* 817 F.2d 737, 740 (11th Cir. 1987)).

On appeal, Battle argues that the district court erred in dismissing his complaint as frivolous. Because we find that a recent Supreme Court decision announced after the district court's action in this case substantially alters the standard governing when a district court may dismiss an *in forma pauperis* complaint prior to service, we reverse the judgment of the district court.

## I.

As the Supreme Court has long recognized, the *in forma pauperis* statute, 28 U.S.C.A. § 1915, serves as a statutory embodiment of a fundamental principle in American jurisprudence: it provides a means by which impecunious litigants may present their claims to the court in the same fashion as more wealthy litigants and receive "equal treatment before the bar." *Coppedge v. United States,* 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed.2d 21 (1962). By according district courts the discretion to waive court fees for those individuals who cannot afford payment of costs, Congress sought to ensure equality of meaningful access to the federal courts. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–43, 69 S.Ct. 85, 90–91, 93 L.Ed. 43 (1948).

Unfortunately, however, the statute has also provided a means by which some litigants can file a long line of repetitive and frivolous lawsuits. *See, e.g., In Re McDonald,* —— U.S. ——, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam); *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986) (per curiam). In an attempt to control the level of litigant abuse of the *in forma pauperis* provisions while simultaneously maintaining the objective of equality of meaningful access to the federal courts for all, Congress provided the federal courts with the concomitant authority to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C.A. § 1915(d). As construed by this court, § 1915(d) allows a district court, upon determining that an *in forma pauperis* complaint falls to the level of being "frivolous or malicious", to dismiss a lawsuit prior to service on the defendants. *See Phillips v. Mashburn,* 746 F.2d 782, 784 (11th Cir.1984) (per curiam); *Harmon v. Berry,* 728 F.2d 1407, 1408 (11th Cir. 1984) (per curiam).

Our prior precedents provided the lower courts with conflicting signals as to what constitutes a "frivolous or malicious" complaint for purposes of a § 1915(d) dismissal. For example, in *Phillips v. Mashburn,* this court observed that its earlier precedents dictated that district courts should abide by the same standard governing Rule 12(b)(6) dismissals to determine whether a complaint was sufficient for § 1915(d) purposes:

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

746 F.2d at 784 (*quoting Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir.1983)). However, in *Harris v. Menendez,* 817 F.2d 737, 740–41 (11th Cir.1987), this court suggested that a complaint that was sufficient for purposes of surviving a Rule 12(b)(6) motion for dismissal could nonetheless be dismissed as frivolous under § 1915(d). In reaching this conclusion in *Harris,* we intimated that § 1915(d) granted district courts the power to dismiss complaints in which "the plaintiff's realistic chances of ultimate success are slight," whether or not the plaintiff's complaint was legally and factually sufficient. *Id.,* at 740.

Whether these two lines of case law are irreconcilably at odds with each other is not a discourse we need to engage in here. Part of the confusion surrounding the seemingly different interpretations as to the contours of § 1915(d)'s frivolous and malicious standard can be traced to Con-

gress's failure to provide guidance as to the meaning of the rather general statutory language. Recognizing the confusion caused by congressional inaction in delineating the permissible scope of § 1915(d) dismissals, this past term the Supreme Court in *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), determined that judicial guidance should be forthcoming to fill the void.

*Neitzke* arose, as does the present case, in the context of a district court's *sua sponte* dismissal under § 1915(d) of an alleged eighth amendment claim. In dismissing the plaintiff's complaint, the district court construed the plaintiff's complaint as merely "describ[ing] a constitutionally noncognizable instance of medical malpractice." — U.S. at —, 109 S.Ct. at 1830. In so doing, the district court equated the frivolous standard under § 1915(d) with the standard for dismissal under Fed.R.Civ.P. 12(b)(6). On appeal, the Seventh Circuit reversed this determination. "Although the complaint failed to allege the level of deliberate indifference necessary to survive a motion to dismiss under Rule 12(b)(6), at this stage of the proceedings, the court stated, 'we cannot state with certainty that Williams is unable to make any rational argument in law or fact to support his claim for relief....' " *Williams v. Faulkner,* 837 F.2d 304, 308 (7th Cir.1988), *quoted in Neitzke,* — U.S. at —, 109 S.Ct. at 1830.[1]

A unanimous Supreme Court affirmed the Seventh Circuit's decision. The Court noted that when "a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate but dismissal on the basis of frivolousness is not." *Neitzke,* — U.S. at —, 109 S.Ct. at 1833. In explaining the purpose for adopting a more restrictive standard in the area of

permissible § 1915(d) dismissals, the Court premised its distinction by looking to the underlying purpose to be served by § 1915(d). The Court described § 1915(d)'s function as being solely that of replicating the function that financial restraints in the form of filing fees and Rule 11 sanctions traditionally play in preventing paying litigants from filing inarguable claims in federal court. *Id.,* at —, 109 S.Ct. at 1832–33.

Because not all claims dismissed pursuant to Rule 12(b)(6) are inherently frivolous, the Supreme Court noted that applying the dismissal standard governing Rule 12(b)(6) to the § 1915(d) dismissal context would extend § 1915(d) beyond its statutory purpose. According to the Court, § 1915(d) is not designed to deter the filing of "arguably meritorious legal theories whose ultimate failure is not apparent at the outset." *Id.* These claims are more appropriately screened by a properly raised Rule 12(b)(6) motion.

In distinguishing between § 1915(d) and Rule 12(b)(6) dismissals, the *Neitzke* Court focused on the crucial procedural distinction that differentiates § 1915(d) and Rule 12(b)(6) dismissals. When a defendant files a Rule 12(b)(6) motion, the plaintiff receives notice of the defendant's arguments and theories. This provides the plaintiff with the opportunity either to rebut the motion or to amend the complaint's allegations. *Id.,* at —, 109 S.Ct. at 1834. This adversarial process accords an integral due process protection: it alerts the plaintiff to the challenged inadequacies of the filed complaint and affords the plaintiff the opportunity both to explain to the court the distinguishing nature of the legal theories underlying the complaint and to amend the complaint to add sufficient factual allegations to state a claim for relief. Through this process, the actual issues at trial are crys-

---

1. The Seventh Circuit upheld the district court's dismissal of the plaintiff's claim that the defendant's action transferring him from one cellhouse to another without a classification hearing violated his due process rights, reasoning that "Absent some statutory or regulatory provision that clearly limits prison officials in the exercise of their discretion, a prisoner may be transferred for any reason, or for no reason at all." *Williams v. Faulkner,* 837 F.2d at 308 (footnote omitted). Because the plaintiff did not rely upon any such provision which limited the prison official's discretion, the court concluded that *sua sponte* dismissal of the due process claim was appropriate.

tallized, and the plaintiff has the opportunity to expound upon his or her theory of the case. *Id.*

In contrast, a *sua sponte* dismissal of a complaint pursuant to § 1915(d) offers none of these protections. By recognizing this procedural difference between § 1915(d) and Rule 12(b)(6) and by differentiating between the standards of dismissal applicable to § 1915(d) and Rule 12(b)(6), the Supreme Court sought to ensure that indigent plaintiffs are provided "the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules." *Id.* To do otherwise—i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions—would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigency.

■ Consistent with these goals, the Court held in *Neitzke* that § 1915(d) dismissals should only be ordered when the claims "lack an arguable basis in law." *Id.*, at ——, 109 S.Ct. at 1833. Claims may lack an arguable basis in law resulting from either factual or legal inadequacies. Factual allegations are frivolous for purpose of § 1915(d) when they are "clearly baseless;" legal theories are frivolous when they are "indisputably meritless." *Id.* *See Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir.1990).

## II.

In this case, the district court determined that Battle's treatment claims were legally frivolous because Battle's allegations did not rise to the level of stating a claim for an eighth amendment violation under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In *Gamble*, the Supreme Court held that while mere negligence or medical malpractice by a prison medical authority does not violate the constitution, "deliberate indifference to serious medical needs of prisoners" does constitute a violation of the Eighth Amendment. *Id.*, at 104, 97 S.Ct. at 291. *See also West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 2255, 2258–59, 101 L.Ed.2d 40 (1988); *Mandel v. Doe*, 888 F.2d 783, 787–88 (11th Cir.1989).

■ Applying *Neitzke*'s standards to Battle's allegations of misconduct, we cannot conclude that plaintiff's claims of excessive and unnecessary medication lack an arguable basis in law justifying dismissal under § 1915(d). It is important to remember that the issue before us is not whether Battle's claims of medical malpractice and excessive and unnecessary medication state a cause of action under 42 U.S.C.A. § 1983; to phrase the question in this manner is to conflate the standards of Rule 12(b)(6) with the standards governing § 1915(d) dismissals. Instead, the issue before this court is simply whether the legal theories raised in Battle's complaint are indisputably meritless or whether the factual contentions are clearly baseless.

Looking first to the legal theories underlying Battle's eighth amendment claim, it is readily apparent that his claim is not wholly without a rational basis in law. Battle's allegations raise concerns of medical malpractice and the continued prescription and administration of medicine that was both excessive and unnecessary. Recognizing that deliberate indifference in the provision may take many forms, we conclude that allegations of excessive and unnecessary medication administered after the patient's objections to the treatment implicate eighth amendment concerns. *Cf. Greason v. Kemp*, 891 F.2d 829 (11th Cir.1990); *Waldrop v. Evans*, 871 F.2d 1030 (11th Cir. 1989).[2] Although we intimate no opinion as

---

2. In both *Greason* and *Waldrop*, this court was concerned with evidence suggesting that a psychiatrist provided grossly inadequate psychiatric care by, among other things, discontinuing inmates' medication in a manner that may have departed significantly from professional standards. Battle's allegations imply that he was the recipient of a similar, yet distinct form of grossly inadequate care: namely, the provision of unnecessary and excessive medication. Because we have recognized that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can manifest the physician's deliberate indifference to the inmate's medical needs, *Greason*, 891 F.2d at 835; *Waldrop*, 871 F.2d at 1035, we cannot conclude

to whether these allegations are sufficient to survive a motion to dismiss under Rule 12(b)(6), they are clearly not so lacking an arguable basis in law as to warrant a dismissal under § 1915(d).

In reaching this conclusion, we are aware that the Supreme Court held in *Neitzke* that meritorious legal theories may also be dismissed under § 1915(d) if the factual allegations in the complaint are "clearly baseless." *Id.*, at ——, 109 S.Ct. at 1833. The Court also noted that "fantastic or delusional scenarios" provide examples of clearly baseless allegations. *Id.* Our examination of the record in this case reveals that Battle's filings in the district court disclose some evidence of mental illness. That fact, however, is not inconsistent with his claim. Although Battle may be in need of some medical or psychiatric treatment, his eighth amendment rights may nonetheless be violated through the grossly incompetent administration of unnecessary or excessive medication. We therefore find that Battle's allegations appear to have some rational basis in fact and consequently, we conclude that his allegations are not clearly baseless.[3]

Accordingly, we REVERSE the district court's judgment to the extent that Battle's eighth amendment claims were dismissed pursuant to 28 U.S.C.A. § 1915(d) and REMAND this case for further proceedings consistent with this opinion.[4]

that Battle's claims are such as to warrant dismissal under § 1915(d).

**3.** We do not hold that only allegations that rise to the level of fantastic or delusional can meet *Neitzke*'s clearly baseless test. For example, allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal.

**4.** We find no error in the district court's exercise of its discretion to dismiss Battle's other allegations as frivolous. *See Neitzke*, —— U.S. at ——, 109 S.Ct. at 1833 (§ 1915(d) authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist").