[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 05-12337
Non-Argument Calendar

————————————————

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01037-CV-MHS-1

TERRY DALE REDD,

Plaintiff-Appellant,

versus

R. L. CONWAY,
MIKE BOYD, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(December 22, 2005)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Terry Dale Redd, a Georgia pretrial detainee proceeding *pro se*, appeals: (1) the grant of the defendants' motions for summary judgment in his 42 U.S.C. § 1983 civil rights action alleging excessive force and deliberate indifference to serious medical needs; (2) the dismissal of his claims of retaliation as frivolous; (3) the dismissal of his claim of denial of access to the courts as frivolous; and (4) the denial of his motions for appointment of counsel. Redd claimed in the district court that prison and health care officials at the Gwinnett County Detention Center ("GCDC") refused him immediate medical treatment after he was subjected to excessive force in connection with his arrest and arrival, and later denied him adequate medical care for an injury to his ankle, acid reflux disease, and eczema. He also alleged that he was denied supplies and time necessary to pursue his claims, and that he was entitled to appointment of counsel in the district court. Each of his arguments on appeal are addressed in turn.

I.

We review a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the

2

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable doubts about the facts are resolved in favor of the nonmovant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

While "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause," *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996), we have held that, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons," *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). However, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of

3

negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal citations omitted). The analysis of a claim of deliberate indifference has two components: (1) whether evidence of a serious medical need existed; and (2) whether the defendant's response to that need constituted deliberate indifference. *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).

To prevail on a substantive due process excessive force claim by a pretrial detainee, the plaintiff must prove that defendants' actions "shock the conscience" and mere negligence is not enough. *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1196 (11th Cir. 2003). The factors to be considered in assessing such a claim include: (1) the need for force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury inflicted; and (4) whether force was applied by the defendant in a good faith effort to restore or maintain discipline or rather maliciously and sadistically with the very purpose of causing harm. *Carr v. Tatangelo*, 338 F.3d 1259, 1271 (11th Cir. 2003).

As to Redd's claim of deliberate indifference to serious medical needs, the record demonstrates that, on the day that he was booked, when he turned his ankle and was forcibly restrained, the jail medical staff evaluated him immediately, cleaning blood off his forehead, wrapping his ankle, and giving him ibuprofen.

4

The medical staff decided that Redd did not need to go to the hospital, but one month later, they sent him for x-rays, which confirmed that his ankle was not broken. The record further demonstrates that medical staff examined Redd on eleven occasions, responding to every medical complaint he had, however, Redd often disagreed with the treatment recommendations and refused treatment. For example, Redd requested Nexium to treat his acid reflux, but when medical staff prescribed him Zantac, he refused it and took Maalox instead. In addition, the records and affidavits of those who communicated with or treated Redd for his eczema show that he was given soap and ointment, and that this treatment complied with the applicable standard of care. Based on this evidence, Redd's complaints amounted to no more than a preference for a different course of treatment than he was provided. There was no evidence that defendants acted with an attitude of deliberate indifference or that they refused or failed to treat him. Accordingly, the district court properly concluded that there was no issue of material fact with respect to this claim.

As to his excessive force claim, Redd alleged that Officer R.B. Whitehead pushed and pulled him while leading him in handcuffs, causing him to twist his ankle and injure his foot. The record supports the conclusion that force was necessary because Redd was uncooperative upon arrest, and that he kicked the

5

individual who reported him for shoplifting. Though the record is unclear how much force Whitehead used, notes from the jail medical staff from the day that Redd was arrested and his subsequent medical records indicate that the injury was minimal. Specifically, there was no swelling, bruising, or lack of movement in Redd's ankle and x-rays taken a month later did not show any fractures. In addition, Redd presented no evidence that Whitehead acted maliciously and sadistically with the intent of causing harm. *See Carr*, 338 F.3d at 1271. Accordingly, the district court properly concluded that there was no issue of material fact with respect to Redd's argument that Whitehead used excessive force in arresting and booking him.

Redd also claimed that other unspecified officers used excessive force in booking him because one officer tackled him to the ground and other officers assisted in beating and hog-tying him. With respect to the beating, a response to a grievance that Redd filed at GCDC, dated February 27, 2004, stated that he was belligerent, verbally and physically assaultive, and required the use of force in order to be admitted. It also stated that medical staff evaluated his condition after restraint was used to book him, and found only that he had a scratch on his chest and an abrasion on his cheek. Furthermore, the admissions of undisputed facts to which Redd did not respond reflected that force was necessary to restrain him upon

6

his admission to GCDC.  Redd did not refute these admissions or otherwise present evidence to counter the written documentation of the events in question.  He also presented no evidence that his injuries were more severe than reflected in the medical records and affidavits presented by the defendants.

Based on the record, we conclude that the amount of force required to restrain Redd was equal to the need for force based on Redd's belligerent and violent behavior.  *See Carr*, 338 F.3d at 1273.  The scratches and scrapes that Redd suffered amounted to minor injuries.  The force was applied in an effort to restore and maintain discipline, and not sadistically or maliciously.  *See id.*  Accordingly, the district court properly concluded that there was no issue of material fact with respect to this claim.

To the extent that Redd claimed that the supervisors at GCDC were liable for the actions of their employees, the district court's grant of summary judgment was also proper.  First, Redd failed to allege that these individuals were directly involved in depriving him of his constitutional rights.  *See Monell*, 436 U.S. at 691-93, 98 S. Ct. at 2036-37; *Tuttle*, 471 U.S. at 820, 105 S. Ct. at 2434.  Second, the doctrine of *respondeat superior* generally is not recognized under § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-93, 98 S. Ct. 2018, 2036-37, 56 L. Ed. 2d 611 (1978).  Rather, supervisory liability only attaches where a

7

government's custom or policy is "the moving force of the constitutional violation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820, 105 S. Ct. 2427, 2434, 85 L. Ed. 2d 791 (1985) (citations omitted). Redd failed to demonstrate that such a policy existed and could not make such a showing because there was no constitutional violation.

Based upon the foregoing, we find no error in the district court's grant of the defendants' motions for summary judgment, and we affirm on these bases.

II.

We review the district court's dismissal of Redd's retaliation claims as frivolous for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it is without arguable merit either in law or fact. *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990).

The First Amendment protects inmates from retaliation by prison officials for filing lawsuits or administrative grievances. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Redd alleged that the defendants retaliated against him by failing to provide him with adequate medical care and by returning his legal mail. As to Redd's claim of inadequate medical care retaliation, he admitted in his filing alleging said

claim that officials continued to give him Dove soap for his eczema, but complained that they failed to provide him with the ointment and pills he required. The record before this court, however, simply does not show such retaliation. Redd's medical records indicate that he was seen by the medical staff repeatedly for his complaints of eczema, acid reflux, and ankle injury. The medical officials ordered his medical records regarding his eczema from Grady Hospital and, after an evaluation, prescribed him ointment and Dove soap. The records also show that Redd was evaluated and given medication for his acid reflux disease and anti-inflamatories for his ankle, and that his ankle was evaluated, bandaged, and x-rayed. There is no showing that the treatment of Redd's conditions declined after the defendants were served with process or that he was denied treatment as retaliation for filing the complaint or administrative grievances.

Redd also failed to show that the jail staff retaliated against him by returning his legal mail. Specifically, he failed to demonstrate that officials refused to send his legal mail. Rather, he relied upon copies of envelopes that were stamped by the United States Postal Service as inadequately addressed.

Based upon the foregoing, we conclude that the district court did not abuse its discretion in dismissing Redd's retaliation claims as frivolous, and we affirm on this basis.

III.

We also review the district court's frivolous dismissal of Redd's access to the courts claim for abuse of discretion. *Bilal*, 251 F.3d at 1349.

The First Amendment grants prisoners a limited constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). An inmate alleging lack of access to the courts must show actual injury, i.e., that the lack of access has hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S. Ct. 2174, 2179-80, 135 L. Ed. 2d 606 (1996). Accordingly, an inmate must allege that the prison official impeded his pursuit of a non-frivolous, post-conviction claim or civil rights action, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights. *Lewis*, 518 U.S. at 348-54, 116 S. Ct. at 2178-82.

In regard to Redd's claim that he was denied access to the courts, he asserted that he was not provided with adequate legal supplies or access to the law library. He did not allege that his efforts to pursue a legal claim were hindered, and the extensive filings that he has made in furtherance of his claim indicate the contrary. *See Lewis*, 518 U.S. at 348-51. Accordingly, we conclude that the district court did not abuse its discretion in dismissing his claim of lack of access to the courts, and

10

we affirm on this basis as well.

## IV.

We review the district court's denial of appointment of counsel for abuse of discretion. *Steele v. Shah*, 87 F.3d 1266, 1270-71 (11th Cir. 1996). Prisoners raising civil rights claims, like other civil litigants, have no constitutional right to counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Pursuant to 28 U.S.C. § 1915(e)(1), a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). "Exceptional circumstances" include the presence of "facts and legal issues [which] are so novel or complex as to require assistance of a trained practitioner." *Kilgo*, 983 F.2d at 193.

We conclude that the district court did not abuse its discretion in refusing to appoint counsel, as the issues raised in connection with Redd's § 1983 suit were not too novel or complex for him to represent himself effectively. Indeed, he made numerous filings with the district court wherein he adequately represented his interests. Hence, the circumstances were not exceptional, and the denial of counsel was not an abuse of discretion.

Based on the foregoing reasons, we affirm the dismissal of Redd's retaliation and denied access to courts claims, the denial of appointment of counsel,

11

and the grant of summary judgment for the defendants.

**AFFIRMED.**[1]

---

[1]We DENY Redd's motion to appoint counsel on appeal.