[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 21-13437

Non-Argument Calendar

————————————

ROCHELLE Y. DRIESSEN,

                                        Plaintiff-Appellant,

*versus*

BARCLAYS BANK, PLC,

                                        Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21031-KMW

————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Rochelle Y. Driessen appeals the *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), of her *pro se* complaint, which contained various claims related to Barclays Bank PLC's ("Barclays") alleged failure to transfer money she won in a lottery organized by Coca-Cola, Inc. ("Coca-Cola"). She argues that the district court erred in *sua sponte* dismissing her complaint as frivolous, and then in denying her motion for reconsideration, when there was a pending motion to dismiss for failure to state a claim. She also argues that her claims that Barclays unlawfully denied her £1 million in lottery winnings from Coca-Cola and then fraudulently ordered transcripts from Pacer Monitor in her name had legal and factual merit.

## I.

Frivolity dismissals under § 1915(e)(2)(B)(i) are reviewed for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). We review a district court's ruling on a Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We can affirm for any reasons supported by the record, even grounds there were not relied upon or considered by the district court. *Aaron Private Clinic Management LLC v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019). We need not address arguments made for the first

time in an appellant's reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2014).

When an individual is proceeding *in forma pauperis*, a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it is without arguable merit either in law or fact, including where it "describ[es] fantastic or delusional scenarios." *Bilal*, 251 F.3d at 1349 (quotation marks omitted). Moreover, § 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (quotation marks omitted). A complaint may fail to state a claim under Rule 12(b)(6) and still be non-frivolous if it advances an "arguably meritorious legal theor[y] whose ultimate failure is not apparent at the outset." *Battle v. Central State Hosp.*, 898 F.2d 126, 128 (11th Cir. 1990). We liberally construe *pro se* pleadings, holding them to a less stringent standard than those prepared by attorneys. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Pleadings should contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6), a pleading must contain more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements is insufficient; the claim for relief must be plausible on its face. *Id.* at 555, 570. A facially plausible claim allows a court to draw a reasonable inference that the defendant is liable for the

misconduct alleged. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010).

A district court should grant a *pro se* plaintiff an opportunity to amend his complaint before dismissing it with prejudice when a more carefully drafted complaint may state a claim upon which relief could be granted. *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018). However, a court need not grant leave to amend if doing so would be futile because a more carefully drafted complaint could not state a claim. *Id.* Granting leave to amend is futile if "the underlying facts or circumstances relied upon by a plaintiff may [not] be a proper subject of relief." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). We have found granting leave to amend futile where facts pled in the complaint itself preclude the possibility of relief. *Id.*

A court can take judicial notice of matters of public record when considering a Rule 12(b)(6) motion, at least where the truth of the statements in such records is not at issue for purposes of the motion to dismiss. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278, 1280 & nn.10, 15 (11th Cir. 1999). While evidence that constitutes attorney work product is ordinarily privileged, this privilege may be waived when the disclosure is made in a federal proceeding or to a federal office or agency. Fed. R. Evid. 502(a).

Here, the district court did not abuse its discretion by *sua sponte* dismissing Driessen's complaint as frivolous because Driessen's allegations that Barclays failed to transfer to her the prize winnings from what was obviously an internet scam lacked merit in

either law or fact. Her allegations that Barclays committed wire fraud by ordering transcripts of court documents through her Pacer Monitor account without her permission also lacked merit in either law or fact.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

"The purpose of a Rule 60(b) motion is to permit the trial judge to reconsider matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (citation and ellipsis omitted). Rule 60(b) motions allow a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released discharged, reversed or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

We have held that "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

Generally, the filing of a notice of appeal divests a district court of jurisdiction. *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007).

Here, the district court did not abuse its discretion in denying Driessen's motion for reconsideration because she failed to put forward any allegations of extraordinary circumstances entitling her to relief and because her claims that the court erroneously declared her suit frivolous when her motion to proceed *in forma pauperis* was no longer pending lack merit.

**AFFIRMED.**[1]

---

[1] Driessen's motion to take judicial notice is DENIED.