**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————————

No. 25-11769

Non-Argument Calendar

————————————————————

WILLIE J. MITCHELL, SR.,

*Plaintiff-Appellant,*

*versus*

THE STATE COURT OF GEORGIA,

JUDGE SUSAN E. EDLEIN,

JAMIE MACK,
   Assistant Solicitor,

DENNIS J. MURPHY,

OFFICER JASON WESCOTT,
   City of Roswell Police Officer, et al.,

*Defendants-Appellees.*

————————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-01186-TCB

————————————————————

2                    Opinion of the Court                25-11769

Before ROSENBAUM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Willie Mitchell Sr., proceeding *pro se*, appeals the district court's dismissal of his amended complaint under 28 U.S.C. § 1915 for failure to state a claim and as frivolous. After careful review, we affirm.

## I. BACKGROUND

### A. Original Complaint

In March 2025, the district court allowed *pro se* plaintiff Willie Mitchell Sr. to proceed *in forma pauperis* and file his original complaint.

Mitchell's original complaint (1) contained four paragraphs of factual allegations, mostly focusing on allegedly false testimony during his 2009 state DUI trial for driving under the influence, and (2) named the defendants as the State of Georgia, a state court judge, attorneys, and witnesses involved in his 2009 trial. The original complaint also alleged non-defendant police officers committed retaliatory sexual acts on Mitchell for his prior complaints about another police officer.

Mitchell's complaint asserted claims under the False Claims Act, the Fourteenth Amendment's Equal Protection Clause, and Georgia law.

## B.    District Court's April 2, 2025, Order

On preliminary review of Mitchell's complaint, the district court found Mitchell's claims were "impossible to decipher." The district court instructed that Mitchell "need[ed] to clarify his factual allegations and organize his complaint so that he states a legal claim."

The district court ordered Mitchell to file an amended complaint within twenty-one days. The district court required that any amended complaint do the following:

> (1) comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, including by alleging the basis for this Court's subject-matter jurisdiction; (2) provide sufficient, non-conclusory factual allegations that support each claim; (3) identify each cause of action in separate counts of the complaint, providing within each count a succinct explanation of the legal theory for the claim, and identifying the Defendant(s) against whom the particular cause of action is brought; (4) identify which specific factual allegations and acts by Defendant(s) support each cause of action within each count of the complaint; and (5) exclude all generalized discussions and immaterial allegations.

## C.    Amended Complaint

Mitchell timely filed his amended complaint. This time the named defendants included (1) the State of Georgia; (2) State Court Judge Susan E. Edlein; (3) Fulton County Assistant Solicitor Jamie Mack; (4) Mitchell's appointed defense counsel Dennis J. Murphy;

(5) Officer Jason Wescott of the Roswell Police Department; (6) Officer Jason Hoitt of the Alpharetta Police Department; (7) Officer Brian Gibbs of the Alpharetta Police Department; (8) Zachary Fecsko; (9) Aaron Dalton; and (10) Richard Panico.

Mitchell's factual allegations appear to relate to three distinct incidents. After summarizing those allegations, we recount his asserted causes of action.

1.     August 27, 2006, Incident in Alpharetta

Mitchell's amended complaint began by describing an August 27, 2006, incident with police from the City of Alpharetta, Georgia. Mitchell alleged "Defendant City of Alpharetta Police officers" unlawfully pulled Mitchell out of his car.

With Mitchell on the ground, officers "applied their knees to his lower back and neck." Officers handcuffed Mitchell, walked him to a patrol car, and then "slammed [Mitchell] against the car." Mitchell was placed in the back seat of the patrol car in an "awkward position," the uncomfortableness exacerbated by a prior lumbar fusion in his back.

Around this time, officers told Mitchell to "shut up" and called him a racial slur. Rather than take Mitchell to nearby North Fulton Regional Hospital in Roswell, Georgia, officers transported Mitchell nearly thirty miles to Grady Memorial Hospital ("Grady") in downtown Atlanta.

Mitchell alleged he remained handcuffed on the floor at Grady for six hours without medical treatment. Mitchell suffered a separated shoulder during this incident.

### 2.    September 15, 2006, Car Accident and Retaliation

Mitchell's amended complaint also contained allegations relating to other incidents with law enforcement. Mitchell alleged that, immediately following a September 15, 2006, car accident in Roswell, Officer Wescott of the Roswell Police Department visited Mitchell in the hospital and struck him in the face. Mitchell also alleged Wescott tried to "frame" Mitchell for the September 15 car accident. Mitchell reported Wescott's conduct.

Mitchell claimed his reporting of Wescott's conduct led to the following retaliatory conduct by non-defendant police officers. Mitchell's complaint described officers breaking into his home, saying they had a "gift" from Officer Wescott, and putting a gun to Mitchell's head. A female officer and male officer performed non-consensual sexual acts on Mitchell. The officers took him to jail, where he remained for "80 hours."

### 3.    Perjured Testimony Incident

Mitchell's amended complaint cursorily referenced allegations made in his original complaint, including the allegation that Fulton County Assistant Solicitor Mack misled the jury during Mitchell's 2009 DUI trial by eliciting false testimony. Officers testified that dash cam video of officers responding to the September 15, 2006, car accident underlying Mitchell's DUI charges could not be located, but Mitchell alleged the video was

entered into evidence during his trial. Thus, Mitchell alleged the "judge, attorneys, and the police" did not protect his rights, resulting in a "[f]raudulent [c]onviction."

### 4.    Causes of Action

In the "Jurisdiction and Venue" section of his amended complaint, Mitchell stated that he was asserting (1) a variety of 42 U.S.C. § 1983 claims for violation of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights; and (2) Georgia state law causes of action for false arrest, false imprisonment, malicious prosecution, and abusive litigation.

Mitchell's amended complaint referenced a smattering of other statutes, including (1) 18 U.S.C. § 1503, which criminalizes improperly influencing or injuring officers or jurors in federal court; (2) 18 U.S.C. § 371, which criminalizes conspiracies to commit offenses against or defraud the United States; (3) 18 U.S.C. § 1349, a conspiracy provision within the criminal fraud provisions; (4) O.C.G.A. § 23-2-51, which defines fraud for purposes of equitable relief in Georgia; and (5) O.C.G.A. § 50-18-74, a penalties provision within Georgia's public records laws.

### D.    District Court's May 1, 2025, Order

On May 1, 2025, before service of process on the named defendants, the district court dismissed Mitchell's amended complaint. The district court described Mitchell's amended complaint as "slightly more organized but still deficient." The district court pointed out that Mitchell had failed to comply with its previous order to "identify each cause of action in separate

counts of the complaint, providing within each count a succinct explanation of the legal theory for the claim, and identifying the Defendant(s) against whom the particular cause of action is brought."

The district court also said Mitchell's amended complaint resembled "other countless frivolous complaints" filed by Mitchell. The district court cited to several of Mitchell's unmeritorious lawsuits, at least nine of which have been dismissed either as frivolous or for failure to state a claim.[1] Thus, the district court concluded: "Yet again, Mitchell fails to abide by the Court's instructions and file a non-frivolous complaint. This claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), and the Clerk is directed to close this case."

Mitchell timely appealed.

## II.  STANDARD OF REVIEW

We review a district court's dismissal of a claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). We review a district

---

[1] *See, e.g.*, *Mitchell v. Wescott*, No. 1:11-CV-2332 (N.D. Ga. Sep. 1, 2011); *Mitchell v. City of Roswell*, No. 1:17-CV-747 (N.D. Ga. Apr. 6, 2017); *Mitchell v. City of Roswell*, No. 1:19-CV-542 (N.D. Ga. Feb. 4, 2019); *Mitchell v. Johnson*, No. 1:19-CV-3514 (N.D. Ga. Aug. 8, 2019); *Mitchell v. Georgia*, No. 1:23-CV-3319 (N.D. Ga. Aug. 17, 2023); *Mitchell v. Georgia*, No. 1:23-CV-5118 (N.D. Ga. Dec. 13, 2023); *Mitchell v. Georgia*, No. 1:24-CV-629 (N.D. Ga. Mar. 26, 2024); *Mitchell v. City of Roswell Ga. Police Dep't*, No. 1:24-CV-5310 (N.D. Ga. Dec. 11, 2024); *Mitchell v. Spivey*, No. 1:24-CV-3603 (N.D. Ga. Mar. 28, 2025).

court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

We construe *pro se* pleadings liberally. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, we cannot serve as *de facto* counsel or rewrite an otherwise deficient pleading for a *pro se* litigant. *See id.* at 1168-69.

## III.  DISCUSSION

As an initial matter, Mitchell has abandoned any challenge to the district court's dismissal of his amended complaint by failing to brief the issues on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . ." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002))).

Mitchell does not direct any of his briefing to the district court's findings that his amended complaint (1) failed to comply with the district court's ordered pleading requirements; (2) failed to state a claim; or (3) was frivolous. Rather than address the district court's order, Mitchell uses his brief to restate or add details to the factual allegations of his amended complaint. Mitchell cannot amend his complaint on appeal. *See Durango-Georgia Paper Co. v. H.G. Est., LLC*, 739 F.3d 1263, 1272 n.23 (11th Cir. 2014). Nor can Mitchell's regurgitation of factual allegations be considered a proper challenge to the dismissal below.

Even if Mitchell had properly challenged the district court's dismissal, the district court did not abuse its discretion in dismissing Mitchell's amended complaint as frivolous.[2]

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349 (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Claims are factually frivolous when the claims are "clearly baseless," which includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). This Court has acknowledged district courts are "more familiar with and are more experienced to recognize potentially frivolous claims." *Bilal*, 251 F.3d at 1349.

The district court permissibly considered Mitchell's history of filing unmeritorious lawsuits. *See id.* at 1350 (stating a plaintiff's litigation history may be considered on issue of frivolousness). Like his prior suits, Mitchell's current claims are frivolous.

---

[2] We interpret the district court's order dismissing Mitchell's amended complaint as *both* (1) a dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) and (2) a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The district court cited only the failure to state a claim code section, § 1915(e)(2)(B)(ii), but its order also states that Mitchell "fail[ed] to . . . file a non-frivolous complaint" and that his amended complaint resembles his "other countless frivolous complaints." Because we conclude the district court did not abuse its discretion as to the frivolity finding, we do not review *de novo* whether the amended complaint states a claim upon which relief can be granted.

Mitchell's claims suffer from several legal shortcomings. First, any § 1983 or state-law personal injury claims arising from events occurring between 2006 and 2009 would be barred by the two-year statute of limitations applicable to such claims. *See Hancock v. Cape*, 875 F.3d 1079, 1082 & n.1 (11th Cir. 2017); O.C.G.A. § 9-3-33. Second, several of the named defendants, such as Judge Susan Edlein and Assistant Solicitor Jamie Mack, are immune from suit for actions taken in their official capacity. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (judicial immunity); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (prosecutorial immunity).

Third, Mitchell cites several federal criminal statutes, but none appear to create a private right of action to support damages claims by plaintiffs such as Mitchell. *Cf. Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 913 (11th Cir. 1986) (concluding criminal copyright statute does not give rise to a private right of action). Finally, Mitchell does not (1) plead his fraud claim with particularity, or (2) explain how or when he was denied access to inspect or copy a public record pursuant to O.C.G.A. § 50-18-71. All told, Mitchell's claims are frivolous because they have "little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Additionally, the district court correctly pointed out that Mitchell's amended complaint failed to comply with its previous instruction to "identify each cause of action in separate counts of the complaint, providing within each count a succinct explanation

of the legal theory for the claim, and identifying the Defendant(s) against whom the particular cause of action is brought." Those deficiencies make Mitchell's amended complaint a "shotgun pleading" that "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). So, in addition to being frivolous, the amended complaint was due to be dismissed for the deficiencies highlighted by the district court.

In sum, Mitchell abandoned any challenge to the dismissal of his amended complaint. In any event, the district court did not abuse its discretion in dismissing Mitchell's amended complaint.

**AFFIRMED.**[3]

---

[3] In light of this ruling, Mitchell's Motion to Expedite is **DENIED**. Mitchell's Motion to Amend, which seemingly seeks to assert new causes of action to his suit, is **DENIED**.